[Civ. No. 42733. First Dist., Div. Four. Apr. 25, 1978.]

In re the Marriage of SUSAN LEE and ROBERT C. WICKS.
ROBERT C. WICKS, Respondent, v.
SUSAN LEE WICKS, Appellant.

**COUNSEL**

Schapiro & Thorn and Suzie S. Thorn for Appellant.

De Nike & Hickman and Howard J. De Nike for Respondent.

**OPINION**

**CALDECOTT, P. J.**—Although wife noticed her appeal from the interlocutory judgment of dissolution of marriage, only the portion thereof which awards to husband as his separate property his variable incentive pay is argued on appeal.

Appellant wife and respondent husband were married August 28, 1971, and separated either March 31 or April 30, 1976. Husband commenced active duty as a physician, United States Army Medical Corps in August 1974 under orders which obligated him for two years active duty. His

assignment to San Francisco, however, was contingent upon his "staying or reenlisting for a third year."

At the time husband entered into a verbal agreement with regard to the assignment to San Francisco, husband did not know whether he would be eligible for the variable incentive pay which is at issue here. By letter dated January 15, 1976, husband was informed by the Surgeon General, Department of the Army, that he had been designated as a critical specialist under the provisions of DOD directive 1340.11. This "designation and selection as a Critical Specialist entitles you to participate in the Variable Incentive Pay Program on 6 August 1976 or upon acceptance of your agreement by your commanding officer, whichever is later." The letter further advised husband to keep the letter indefinitely whether or not he planned to participate and that "[i]n order to receive your Variable Incentive Pay, you must sign an agreement."

On June 21, 1976, after appellant and respondent had separated, husband requested variable incentive pay. The request was approved June 30, 1976, "as of 6 Aug 76." In August 1976 when husband commenced his third year of active military service, he received $12,000 variable incentive pay. The interlocutory judgment of dissolution of marriage awarded the variable incentive pay to husband as his separate property. Wife appeals, contending that the variable incentive pay was "a chose in action, a fringe benefit, and not an expectancy . . . and that pay was therefore the community property of husband and wife."

■ The controlling statute is 37 United States Code section 313 which provides in pertinent part:

"§ 313. Special pay: medical officers who execute active duty agreements

"(a) Under regulations prescribed by the Secretary of Defense or by the Secretary of Health, Education, and Welfare, as appropriate, and approved by the President, an officer of the Army or Navy in the Medical Corps, an officer of the Air Force who is designated as a medical officer, or a medical officer of the Public Health Service, who—

"(1) is below the pay grade of O-7;

"(2) is designated as being qualified in a critical specialty by the Secretary concerned;

"(3) is determined by a board composed of officers in the medical profession under criteria prescribed by the Secretary concerned to be qualified to enter into an active duty agreement for a specified number of years;

"(4) is not serving an initial active duty obligation of four years or less or is not serving the first four years of an initial active duty obligation of more than four years;

"(5) is not undergoing intern or initial residency training; and

"(6) executes a written active duty agreement under which he will receive incentive pay for completing a specified number of years of continuous active duty subsequent to executing such an agreement; may, upon acceptance of the written agreement by the Secretary concerned, or his designee, and in addition to any other pay or allowances to which he is entitled, be paid an amount not to exceed $13,500 for each year of the active duty agreement. Upon acceptance of the agreement by the Secretary concerned, or his designee, and subject to subsections (b) and (c) of this section, the total amount payable becomes fixed and may be paid in annual, semiannual, or monthly installments, or in a lump sum after completion of the period of active duty specified in the agreement, as prescribed by the Secretary concerned.

"(b) Under regulations prescribed by the Secretary of Defense, the Secretary concerned, or his designee, may terminate, at any time, an officer's entitlement to the special pay authorized by this section. In that event, the officer is entitled to be paid only for the fractional part of the period of active duty that he served, and he may be required to refund any amount he received in excess of that entitlement.

"(c) Under regulations prescribed by the Secretary of Defense or by the Secretary of Health, Education, and Welfare, as appropriate, an officer who has received payment under this section and who voluntarily, or because of his misconduct, fails to complete the total number of years of active duty specified in the written agreement shall be required to refund the amount received that exceeds his entitlement under those regulations. If an officer has received less incentive pay than he is entitled to under those regulations at the time of his separation from active duty, he shall be entitled to receive the additional amount due him.

"(d) This section does not alter or modify any other service obligation of an officer. Completion of the agreed period of active duty, or other termination of an agreement, under this section does not entitle an officer to be separated from the service, if he has any other service obligation."

Variable incentive pay was awarded to husband pursuant to section 313 and implementing Department of the Army regulations. It is clear from the record that husband was not eligible for variable incentive pay until he completed the military service obligation he incurred under "the Berry plan" (37 U.S.C. § 313(a)(4); 1974 U.S. Code Cong. & Admin. News, at p. 2925), which date occurred after the parties' separation. It is also clear from the legislative history of Public Law No. 93-274 that the variable incentive pay was compensation and inducement for services to be performed in the period for which it was awarded. The letter from Secretary of Defense Clements to Senator Stennis, Chairman, Senate Committee on Armed Services, points out: "We do not believe it feasible or desirable to seek to match the economic alternatives available to physicians in the private sector of our economy, but we do believe it is essential to narrow the gap that now exists between the *compensation* of physicians in the Armed Forces and those in the private sector." (Italics added.) (*Id.,* at p. 2928.) The letter from the Acting General Counsel of the Department of Defense to Congressman Hébert, Chairman, of the House Committee on Armed Services, establishes that "[t]he proposed variable incentive pay for physicians would enable the Secretary of Defense . . . to offer up to $15,000 per year . . . to those who execute a written agreement under which they would receive *incentive pay in return for completing a specified number of additional years of continuous active duty after executing such an agreement.*" (Italics added.) (*Id.,* at p. 2930.)

The bonus was paid as compensation for services to be performed in the future, after the parties' separation, and failure to perform the services as agreed would require husband to refund the appropriate amount of entitlement. (37 U.S.C. § 313(b), (c).) The only action pertinent to the variable incentive pay which occurred prior to the parties' separation was the convening of a selection board by the surgeon general to designate physicians eligible for variable incentive pay if the physicians so selected chose to participate in the program.

We conclude that the trial court correctly awarded to respondent husband as his separate property the variable incentive pay and concur

with the reasons expressed by the trial court in its memorandum of intended decision.[1]

Judgment affirmed. Each side to bear his or her own costs on appeal.

Rattigan, J., and Paik, J.,* concurred.

A petition for a rehearing was denied May 17, 1978, and appellant's petition for a hearing by the Supreme Court was denied June 22, 1978.

---

[1]The memorandum of intended decision states in pertinent part: "The $12,000.00 received by petitioner in the form of Variable Incentive Pay, pursuant to Title 37 USC 313, will be awarded to petitioner as his separate property. Even though the right to enter into a contract for future services arose prior to separation, the right to the $12,000.00 incentive pay is contingent on services to be performed after separation. Under Title 37 USC 313, petitioner is entitled to receive only that portion of the incentive pay for services actually performed. All the services to be performed by petitioner for which he has been paid $12,000.00 will be performed by him after separation and is therefore his separate property."

*Assigned by the Chairperson of the Judicial Council.