[No. B156044. Second Dist., Div. Six. Nov. 18, 2002.]

In re the Marriage of DENNIS G. and JUDITH J. DOHERTY.
DENNIS G. DOHERTY, Respondent, v.
JUDITH J. DOHERTY, Appellant.

**COUNSEL**

Van Sickle & Rowley, Judith D. Rhodes and Paula D. Emmons for Appellant.

Judith L. Wong for Respondent.

## OPINION

**GILBERT, P. J.**—During wife and husband's marriage, wife's employer pays a portion of the couple's mortgage directly to the lender. Here we conclude there is no community interest in this mortgage subsidy after wife and husband separate.

Judith J. Doherty appeals an order of the family law court that characterizes an employment-related mortgage subsidy as community property, subject to division. We dismiss the appeal but issue a peremptory writ of mandate, directing the trial court to vacate its November 20, 2001, order, and enter a different order finding there is no community interest in the mortgage subsidy that is received after separation of the parties.

### FACTS

Judith J. and Dennis G. Doherty married in 1988 and resided in New York, where Judith was employed by the Eastman Kodak Company (Kodak).[1] In 1997, Kodak transferred Judith to Southern California to work in its professional motion imaging division in Hollywood. Kodak offered relocation benefits to Judith to assist her in obtaining housing in Southern California. The relocation housing benefits included a cash allowance payable every four weeks over a 20-year period, or alternatively, a "mortgage buydown" or subsidy payable directly to a specified lender over 20 years. Either benefit was based upon 10 percent of Judith's 1997 salary, payable for 11 years, and then a gradually reduced percentage of her salary payable for nine years. The amount of the housing benefit was fixed as of April 1997; it would not vary with Judith's salary changes. In Judith's case, the housing benefit amounted to approximately $115,000 overall.

By a written agreement with Judith, Kodak agreed to pay the housing benefit to her for 20 years unless: 1) she transferred from the professional motion imaging division; 2) she relocated from Southern California; 3) she retired, resigned, or was dismissed from employment ("All termination reasons"); or 4) the housing benefit policy was "changed or revoked."

The agreement between Kodak and Judith stated that the mortgage subsidy would be taxable income to Judith. It also provided that Judith would forfeit any unused benefit.

Judith opted for the mortgage subsidy alternative and in 1997, she and Dennis purchased a residence in Thousand Oaks. Approximately two years

---

[1]We refer to the parties by their first names not from disrespect, but to ease the reader's task.

later, they separated. On September 21, 2000, the family law court dissolved the marriage but retained jurisdiction to determine division of the community property.

In a bifurcated proceeding the parties disputed the characterization of the mortgage subsidy. The family law court decided that the subsidy was a community asset subject to division "so long as it is received." The court reasoned that the subsidy was "a contract right that was received during the marriage, from the efforts of the community." Judith's appeal followed.

## DISCUSSION

### I.

■ Judith is attempting to appeal an interlocutory order that characterizes but does not divide the mortgage subsidy. (*In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403-405 [124 Cal.Rptr.2d 719] [party may not appeal an interlocutory order determining an asset to be community property but not dividing it].) The family law court's order is reviewable upon appeal from a final judgment that divides the mortgage subsidy, among other assets of the marriage. Although Family Code section 2025[2] allows an interlocutory appeal from a bifurcated issue, the procedures and deadlines set forth by that section and the corresponding court rule were not observed here. (*Ibid.*)

We are required to dismiss the appeal. (*In re Marriage of Ellis, supra,* 101 Cal.App.4th 400, 404.) Nevertheless, in our discretion we treat the appeal as a petition for an extraordinary writ within our original jurisdiction. (*Ibid.; In re Marriage of Vryonis* (1988) 202 Cal.App.3d 712, 714, fn. 1 [248 Cal.Rptr. 807].) Judith and Dennis agreed to bifurcate the issues of the existence of community property and its valuation, and each has requested that we consider the merits of the appeal.

### II.

■ Judith argues that the Kodak mortgage subsidy is supplemental taxable income to her and not an asset to be characterized and divided upon dissolution. She asserts by analogy that an employee benefit is considered income if it results in a "corresponding reduction in living expenses." (§ 4058, subd. (a)(3).) Judith points out that the mortgage subsidy depends upon her continued employment with Kodak in Southern California and is not based upon prior years of service. (*In re Marriage of Wicks* (1978) 80 Cal.App.3d 329, 333-334 [145 Cal.Rptr. 496] [incentive pay was separate

---

[2]All statutory references are to the Family Code.

property of military officer because it was inducement and compensation for services performed exclusively postseparation].)

Alternatively, Judith contends that if the mortgage subsidy is determined to be an "asset," it should be divided according to the relative contributions of the separate and the community estate. (See *In re Marriage of Poppe* (1979) 97 Cal.App.3d 1, 11 [158 Cal.Rptr. 500] [apportionment of retirement benefits must be reasonable and fairly representative of the relative contributions of the community and separate estates].)

Dennis responds that the mortgage subsidy is a "vested" and "matured" contract right that Judith received during marriage which is paid, in part, postseparation. He asserts that uncertainties regarding future payments may be resolved by awarding each party a portion of the subsidy as it is paid. (*In re Marriage of Judd* (1977) 68 Cal.App.3d 515, 520 [137 Cal.Rptr. 318].)

A spouse's time, skill, and labor are community assets and his earnings during marriage are community property. (§ 760.) After separation, earnings and accumulations of a spouse are separate property. (§ 771.) ▮ Fringe benefits provided by an employer are community property to the extent they are earned by the time, skill, and effort of a spouse during marriage. (*In re Marriage of Walker* (1989) 216 Cal.App.3d 644, 648, fn. 2 [265 Cal.Rptr. 32] [stock options].) Fringe benefits that consist of contractual rights to future benefits after separation, however, may be property subject to allocation between community and separate estates at dissolution. (*Ibid.*)

▮ The mortgage subsidy here rests upon Judith's continued employment with Kodak's professional motion imaging division in Hollywood and Kodak's desire to continue paying the relocation benefit until its policy is "changed or revoked." The subsidy is not "vested" within the meaning of California family law because it is not a right that "survives the discharge or involuntary termination of the employee." (*In re Marriage of Brown* (1976) 15 Cal.3d 838, 842 [126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164].) The housing allowance, whether in the form of a monthly cash allowance or a payment made directly to a lender, is a form of supplemental income to Judith and her separate property after separation. (See *In re Marriage of Wicks, supra,* 80 Cal.App.3d 329, 333 [military incentive pay was compensation for services to be performed in the future, postseparation].) The trial court erred by characterizing the postseparation mortgage subsidy as community property. We conclude that it is not a contractual right to immediate payment that was acquired during marriage.

The parties agree that there is little authority regarding the characterization of mortgage subsidies. Of persuasion is *Garfein v. Garfein* (1971) 16

Cal.App.3d 155 [93 Cal.Rptr. 714]. *Garfein* involved a spouse who was a movie actress. During the marriage, she contracted with Paramount Pictures to make six films, one per year over a six-year period. Paramount Pictures agreed to pay her each year, whether it used her services or not. The parties separated at the end of the second year of the contract. Husband contended that the payments for years three through six under the "play or pay" clause were community property. *Garfein* rejected husband's claim, concluding that the payments due from Paramount Pictures were the separate property of wife because she earned them after separation. (*Id.,* at pp. 158-159.)

We dismiss the appeal and issue a peremptory writ of mandate directing the trial court to vacate its November 20, 2001, order, and enter a different order finding there is no community interest in the Kodak mortgage subsidy received after the parties' separation. Judith is entitled to costs.

Yegan, J., and Coffee, J., concurred.