Filed 1/26/23  Marriage of Marks CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of CLIFFORD and JENNY MARKS. | H046833 (Santa Clara County Super. Ct. No. 2015-6-FL-015261) |
| CLIFFORD O. MARKS, Respondent, v. JENNY FU MARKS, Appellant. | |

Appellant Jenny Fu Marks appeals orders issued by the trial court arising from the dissolution of her marriage to respondent Clifford Marks.  She contends the court erred when it divided a CalPERS retirement account, and challenges other orders that assigned payment of a debt, awarded spousal support, and awarded attorney's fees and costs as a sanction under Family Code section 271.  As Jenny[1] has failed to meet her burden to show that the trial court erred, we will affirm the orders and resulting judgment.

---

[1] As the parties share the same last name, we refer to them by their first names for sake of clarity.

# I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Jenny and Clifford married in 1990 and separated in 2015. Clifford petitioned for dissolution of the marriage in 2015, shortly after the separation. As of July 2018, the issues pending before the court included division of property, reimbursement claims, spousal support, and attorney fees, costs and sanctions.

The parties resolved certain issues at a settlement conference. The terms of the agreements reached that day were recited on the record by the attorney serving as a pro tem settlement officer.

The settlement officer stated that, "[t]he deferred compensation accounts will be divided pursuant to qualified domestic relations orders or other similar order to divide these accounts. This includes the PERS account for [Jenny's] retirement. The parties have agreed to use the services of Elizabeth Strassen to divide the account. [Clifford] has agreed to advance the retainer to Ms. Strassen." Clifford's attorney clarified, "The QUADROS or the orders that will be prepared by Elizabeth Strassen, each party shall get one half of the community property interest in those." The settlement officer further stated that, "[t]here is a debt that is owed to [Jenny's] sister. Her name is Grace Shih. . . . And [Clifford] is responsible for one-half of the debt on the Promissory Note owed to Grace Shih. And he shall contact and work with Ms. Shih in regards to that."

The court confirmed with Jenny that she heard the terms recited on the record, that she understood what was recited, that she agreed with the proposed terms of the settlement agreement, and that any of her questions were answered at the hearing. Jenny agreed that she was asking the court to make the agreement a court order. She was assisted by a Cantonese interpreter and asked a number of clarifying questions regarding term insurance policies.

---

[2] We limit our discussion to the facts that are relevant to the issues on appeal, and which were properly raised by Jenny in her briefs.

The court filed a written order in January 2019 (the January 2019 order), confirming, "[e]ach party is awarded one-half of the community property interest in the retirement accounts set forth below. The community property interest is that interest acquired from the date of marriage (January 20, 1990) to the date of separation (May 16, 2015). The parties agree to jointly retain Elizabeth Strasen to calculate the community and separate interests and prepare all necessary document [*sic*] to divide said accounts." "[Clifford] shall be responsible for one-half of the debt owed to [Jenny's] sister, Grace Shih, pursuant to the Promissory Note dated December 17, 1996. This matter shall be addressed between [Clifford] and Ms. Shih."

As to those issues that the parties did not resolve at the settlement conference, the court held a two-day trial in January 2019, following which it entered a judgment in February 2019 (the February 2019 judgment). The court confirmed that the retirement accounts would be disposed of according to the terms of the January 2019 order. The court did not address the debt owed to Ms. Shih in the judgment. Upon consideration of the Family Code section 4320 factors, the court ordered Clifford to pay Jenny $2,000 per month in spousal support. It also ordered Jenny to pay Clifford $40,000 towards his attorney's fees and costs as a sanction under Family Code section 271.

In March 2019, the trial court filed an amended statement of decision, and the parties stipulated to an amended judgment correcting the value of a certain non-retirement account and correcting the equalizing payment Jenny owed to Clifford for division of their assets. The amendments did not affect the prior orders concerning the retirement accounts, the debt to Ms. Shih, the spousal support award, or the attorney's fees award.

Jenny timely noticed this appeal of the January 2019 order, and February and March 2019 judgment and amended judgment. (Code Civ. Proc., §§ 904.1, subd. (a)(1), 906; Cal. Rules of Court, rule 8.104(a)(1).)

3

## II. DISCUSSION

### A. *Jenny has not identified an error in the trial court's order or judgment regarding the CalPERS retirement benefit*

Jenny contends that certain retirement benefits were not properly addressed in the judgments, resulting in "significant omitted community assets and debts." (Italics and emphasis omitted.) Specifically, she alleges that the January 2019 order and the later judgment and amended judgment do not fully reflect the parties' intentions regarding the division of her CalPERS benefit. Jenny argues that "[t]he record clearly shows the intention of the parties, and understanding of [Jenny] was that post-divorce, the benefits would be 100% sole property of [Jenny]."

As Jenny's contentions are not clearly articulated in her briefing, we are unable to determine whether she asserts that the entire CalPERS benefit should be her sole and separate property, or if she agrees that the parties intended to award Clifford half of the benefit incurred during the marriage, with any retirement benefit incurred post-separation to be awarded as Jenny's separate property. She notes "[t]hat [Clifford's] rights to the pension will only extend during the period of community property is clearly stated in Order after MSC. . . ." The relief she appears to seek in her appellant's opening brief is a modification of the judgment to include the following language, which she contends "meets CalPERS published requirements" and is "necessary for the purpose of equitable equalization and distribution of community property division": "At time of dissolution of the marriage, the entire interest in CalPERS pension benefits shall become 100% the sole and separate property of the Member." But she also states that she seeks to "reverse forever—the prior award of 50% of the Appellant's State Pension of $925.00 back to the Appellant-Jenny due to her financial hardship and the high earning power" of Clifford. In her reply brief, Jenny asks that "the Judgment for [Clifford] to collect for the 50% split of the monthly pension . . . be totally reversed, null and void."

4

We review the trial court's orders dividing community property for abuse of discretion, considering whether or not the trial court exceeded the bounds of reason in issuing its orders. (*In re Marriage of Oliverez* (2019) 33 Cal.App.5th 298, 309.) We do not presume error on appeal. Rather, we presume that the trial court's order is correct, such that the appellant has the burden to affirmatively show an error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

Given the "fundamental rule of appellate review" that requires us to presume the appealed order is correct, appellant must provide argument and legal authority to support her contentions that the trial court erred. "This burden requires more than a mere assertion that the [order] is wrong. ' "Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' " [Citation.] It is not our place to construct theories or arguments to undermine the [order] and defeat the presumption of correctness. . . . [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 (*Benach*).) Jenny has not identified any facts in the record, or presented any legal authority, demonstrating that the trial court erred when it issued the January 2019 orders regarding the CalPERS benefits.

In our careful review of the record, we also discern no basis for reversal. In the January 2019 order, the trial court awarded each party one-half of the community property interest in Jenny's CalPERS account, specifying that the "community property interest is that interest acquired from the date of marriage (January 20, 1990) to the date of separation (May 16, 2015)." This order is consistent with the recital made by the settlement officer on the record at the time of the December 2018 settlement conference. Jenny thereafter confirmed that she had heard the recitation and agreed to the stated terms. She did not object to the proposed division of the CalPERS account stated on the record or in the resulting written order. The record demonstrates that Jenny was capable of raising objections as she questioned details regarding the term insurance policies that were originally intended to be included in the settlement agreement, with the result that

5

the insurance policies were omitted from the resulting pre-trial settlement. Jenny has not met her burden to affirmatively demonstrate that the trial court erred in dividing the CalPERS account according to the terms of the settlement agreement.[3]

Jenny also appears to suggest that the CalPERS pension is an omitted asset. We note that the parties agreed to engage the services of an expert on qualified domestic relations orders (QDROS) to draft the orders properly dividing the CalPERS account, a person presumably knowledgeable regarding CalPERS regulations. The legislature has authorized the use of a QDRO to divide pension accounts. (Fam. Code, § 2610.) The judgment here specifically references the January 2019 order which requires preparation of a QDRO to establish and divide the community and separate interests in the CalPERS account. The CalPERS retirement account was thus adjudicated and is not an omitted asset.

To the extent Jenny alleges CalPERS has rejected the trial court's orders for failure to comply with their specifications, that issue is not properly before this court. On appeal, we do not consider matters that occurred after the issuance of the order being appealed, except in limited circumstances that are not present here. (See *Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813 (*Reserve Insurance*); *Martinez v.*

---

[3] Jenny's August 1, 2022, and August 19, 2022 motions to "extend the appellant's supplemental brief and appellant's reply brief," are denied, as are any such requests included in the notices of unavailability she filed on August 23, 2022, and September 19, 2022, and any additional requests she made formally or informally before or after oral argument in January 2023, including her motion for post-oral argument supplemental briefing, filed January 12, 2023. In the motions filed before oral argument, Jenny sought to withdraw her previously filed reply brief, and replace it with a "new and complete . . . brief," seemingly because she had obtained additional relevant records, although she claimed many necessary documents were still missing. This court granted at least eight extensions of time for Jenny to file her opening brief, which was initially due in May 2021, and which she ultimately filed in May 2022. We denied a request to file a supplemental opening brief, but allowed one extension of time for Jenny to file her reply brief. Jenny appeared at oral argument and had the full opportunity to present her case to the court. Jenny has not shown good cause to further supplement her briefing.

6

*Vaziri* (2016) 246 Cal.App.4th 373, 382-383 (*Martinez*).) Any issues with the enforcement of the orders must first be raised by Jenny in the trial court.

### B. *Jenny has not identified an appealable error regarding repayment of the promissory note*

Jenny alleges Clifford has not complied with the provision of the January 2019 order requiring him to satisfy the debt owed to Grace Shih. She asks this court to "take appropriate actions for [Clifford] to fulfill the court adjudicated repayment," and to award interest. But as noted above, this court cannot consider matters that occurred after the trial court issued the orders being appealed. (*Reserve Insurance*, *supra*, 30 Cal.3d at p. 813; *Martinez*, *supra*, 246 Cal.App.4th at pp. 382-383.) Jenny must raise concerns regarding enforcement of the trial court's order that Clifford pay the specified debt to Grace Shih with the trial court.[4]

### C. *Jenny has not demonstrated that the trial court erred when it set spousal support and awarded attorney's fees under Family Code section 271*

In her reply brief, Jenny for the first time asks this court to increase the award of spousal support from $2,000 to $3,000, "due to the high inflation rate and the high cost of living." She also asks this court to require Clifford or his attorney to "reimburse[]" the $40,000 the trial court ordered Jenny to pay as attorney's fees. Jenny has not explained why she failed to address the Family Code section 271 attorney's fees sanction in her opening brief. We thus will not consider her arguments on that issue, raised for the first time in the reply brief, as no notice was provided to Clifford allowing him to respond to

---

[4] Clifford contends, without citation to any legal authority, that Jenny did not establish that she timely appealed from the January 8, 2019 order, or that the provision that he pay the debt to Ms. Shih remained in effect after entry of the judgment. We assume without deciding that the January 8, 2019 order directing that payment was interlocutory when entered and thus is appealable after the entry of judgment. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1433; *In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403; *In re Marriage of Doherty* (2002) 103 Cal.App.4th 895, 898.)

this contention on appeal.  (See *Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4.)

However, we conclude that Jenny addressed spousal support in her opening brief sufficiently that we can consider her challenge to the support order.  Jenny attached a three-page document to her opening brief that addressed spousal support and referenced Family Code section 4320 which lists the factors the trial court must consider in awarding support.[5]  Further, Clifford addressed the exhibit in his respondent's brief.  As Clifford was on notice that Jenny challenges the spousal support award and addressed it in his briefing, this court can consider arguments concerning the spousal support orders on appeal.

It appears that Jenny argues that the trial court's spousal support award of $2,000 is insufficient because of the relative financial circumstances of the parties.  However, Jenny does not identify any legal error the trial court made in ordering spousal support.  Thus, we could treat her arguments concerning spousal support as waived.  (*Meridian v. Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684; *Benach*, *supra*, 149 Cal.App.4th at p. 852.)  However, we discern no error on our review of the record.  " 'In awarding spousal support, the court must consider the mandatory guidelines of section 4320.  Once the court does so, the ultimate decision as to amount and duration of spousal support rests within its broad discretion and will not be reversed on appeal absent an abuse of that discretion.'  [Citation.]"  (*In re Marriage of Cheriton* (2001) 92 Cal.App.4th 269, 283.)  The record clearly demonstrates that the trial court considered the factors outlined in section 4320 as required by law.  Jenny has identified no abuse of discretion here, and we see no error in the court's order.  Her claim thus fails.

---

[5] This court authorized Jenny to file up to 50 pages of exhibits to her opening brief, based on her contention that numerous documents were missing from the clerk's transcript.

### D. *This court will not sanction Jenny for deficiencies in her briefs*

Clifford suggests that this court should exercise its discretion to sanction Jenny based on her "egregious violations of the Rules of Court" in briefing her appeal. We agree that Jenny failed to comply with the relevant rules concerning citation to both the record on appeal and to relevant legal authority. We are required to affirm the orders at issue, as Jenny did not meet her burden to demonstrate error. However, we do not find cause to sanction Jenny for her failures at this time.

### III. DISPOSITION

The January 8, 2019 order after mandatory settlement conference, February 19, 2019 judgment, and March 28, 2019 amended judgment are affirmed. As the prevailing party, Clifford is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

_____
Greenwood, P. J.

WE CONCUR:


_____
Grover, J.




_____
Lie, J.




Marks v. Marks
H046833