[No. E002376. Fourth Dist., Div. Two. Mar. 9, 1987.]

In re the Marriage of SHEILA M. and MARIO S. LOYA.
MARIO S. LOYA, Appellant, v.
SHEILA M. LOYA, Respondent.

**COUNSEL**

Norman R. Spevack for Appellant.

Bock & Stoddard and Paul M. Stoddard for Respondent.

**OPINION**

**SCHAEFER, J.*—**In this dissolution of marriage action, the issue of the validity of an antenuptial agreement between the parties was bifurcated from the other trial issues and that issue was litigated. After hearing evidence, the trial court ruled that the antenuptial agreement was unenforceable and made certain findings in support of that ruling. Thereafter, petitioner, the proponent of the antenuptial agreement, filed his notice of appeal of that ruling. No orders were made relative to division of community property nor was any judgment entered on any issue in this matter.

We do not reach the merits of petitioner's appeal because this court is without jurisdiction to entertain this appeal. Nonetheless, we discuss the

---

*Assigned by the Chairperson of the Judicial Council.

appealability issue for several reasons: first, although respondent vigorously opposes petitioner's contentions on appeal, respondent does not raise the issue of this court's lack of jurisdiction; second, interim rulings on bifurcated issues are a frequent occurrence in the family law trial arena; and finally, the only published family law case which arrived on the appellate scene in a like procedural posture was decided on its substantive merits.[1]

Petitioner contends that the trial court erred in what he characterizes at times as a "ruling," at other times as an "order" and at other times as a "judgment." ■ Although the law relating to appealability speaks in terms of orders or judgments, we recognize that it is not the label but rather the substance and effect of a court's judgment or order which determines whether or not it is appealable. (*Ezer* v. *Fuchsloch* (1979) 99 Cal.App.3d 849, 856 [160 Cal.Rptr. 486, 13 A.L.R.4th 1333].) ■ We view the trial court's conduct in this case as being in the nature of an interim ruling.

■ The right to appeal in California is wholly governed by statute and appellate courts have no jurisdiction to entertain appeals except as provided by the Legislature. (*Jasper Constr., Inc.* v. *University Casework Systems, Inc.* (1974) 39 Cal.App.3d 582, 585 [114 Cal.Rptr. 143].) As stated in 9 Witkin, California Procedure (3d ed. 1985) Appeal, section 38, page 61, "Since an appealable judgment or order is essential to appellate *jurisdiction,* the parties cannot by any form of consent make a nonappealable order appealable. The court must of its own motion dismiss an appeal from such an order. [Citations.]" (Original italics.)

■ The primary statutory basis for appeal is found in Code of Civil Procedure section 904.1. A thorough review of the provisions of this section, other statutes dealing with appealability, and case law discloses no legislation which creates appellate jurisdiction over a mere ruling on a bifurcated issue. Yet, it has been stated that *In re Marriage of Noghrey, supra,* 169 Cal.App.3d 326 stands for the proposition that "[w]hen there is bifurcation in a family law case of a threshold issue, an appeal lies immediately." (Cal. Family Law Service (1986) Termination of Marital Relationship: Review, § 35:51, p. 74.)[2] We think not.

Although the *Noghrey* court decided on its merits an appeal of the trial court's interim ruling on a bifurcated issue, it appears that that court was aware of the problem regarding appealability but disposed of it in the following manner: "This matter was transferred from the First Appellate

---

[1] *In re Marriage of Noghrey* (1985) 169 Cal.App.3d 326 [215 Cal.Rptr. 153].

[2] The appeal in *Noghrey* was from an interim ruling by the trial court on a bifurcated issue. That issue was the same as the substantive issue in this appeal, the enforceability of a premarital agreement.

District to this court upon order of our Supreme Court. . . . Considering the length of time this matter has been pending and the manifest importance of the decision to the remaining issues in the case, we do not now question its appealability." (*Id.*, at p. 329, fn. 3.)

We view the *Noghrey* decision as an act in excess of jurisdiction. We hold that this court is without jurisdiction to entertain an appeal of the trial court's interim ruling on a bifurcated issue as sought in this appeal.

Even though this court does not have jurisdiction to entertain this appeal, this court does have the power to treat the purported appeal as a petition for writ of mandate. ■ However, an appellate court will exercise this jurisdiction only in unusual circumstances. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720].) We find no unusual circumstances associated with this purported appeal. Therefore, we decline to treat this matter as a petition for writ of mandate, and we note that the issues raised herein can be raised on appeal from judgment in this matter.

Appeal dismissed.

Kaufman, Acting P. J., and McDaniel, J., concurred.