Filed 8/10/15  Hernandez v. Wells Fargo Bank CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELIZABETH MARIE HERNANDEZ, | B252079 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC059728) |
| v. | |
| WELLS FARGO BANK, N.A., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Dismissed.

Elizabeth Hernandez, in pro. per., for Plaintiff and Appellant.

Houser & Allison, Robert W. Norman and Jeannette R. Marsala for Defendants and Respondents Wells Fargo Bank, N.A., as Trustee under Pooling and Servicing Agreement dated as of September 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-HE2 Mortgage Pass-Through Certificates, Series 2006 HE2; Mortgage Electronic Registration Systems, Inc.; Western Progressive, LLC; Ocwen Loan Servicing, LLC; and Barclay's Capital Real Estate, Inc. dba Homeq Servicing.

# INTRODUCTION

Plaintiff and appellant Elizabeth Hernandez sued defendants and appellants Wells Fargo Bank, N.A., as Trustee under Pooling and Servicing Agreement dated as of September 1, 2006 Securitized Asset Backed Receivables LLC Trust 2006-HE2 Mortgage Pass-Through Certificates, Series 2006 HE2; Mortgage Electronic Registration Systems, Inc.; Western Progressive, LLC; Ocwen Loan Servicing, LLC; and Barclay's Capital Real Estate, Inc. dba Homeq Servicing (collectively, defendants) to prevent a foreclosure of real property. Defendants' demurrer was sustained without leave to amend, and the trial court issued an order of dismissal. Hernandez does not appeal that order of dismissal and instead purports to appeal from subsequent orders of the trial court denying her relief under Code of Civil Procedure section 473[1] and temporarily staying dissolution of a preliminary injunction. Because the orders are not appealable, we dismiss the appeal.

# FACTUAL AND PROCEDURAL BACKGROUND

## I.  Factual background.

On April 26, 2006, Hernandez executed a note in the amount of $516,000 secured by a deed of trust against property located at 330 North Griffith Park Drive (the Property).[2] She stopped making payments in 2008, and a notice of default was recorded in January 2011. After a notice of trustee's sale was recorded, the Property was sold at a foreclosure sale in June 2014.

## II.  Procedural background.

### A.  *The pleadings and demurrers*.

On November 26, 2012, Hernandez filed her complaint for negligence, fraud and deceit, fraud by trick and device, an accounting, breach of contract, unjust enrichment, quiet title, and for declaratory and injunctive relief. The trial court temporarily restrained

---

[1]  All undesignated statutory references are to the Code of Civil Procedure.

[2]  The deed of trust was assigned to Wells Fargo.

defendants from foreclosing on the Property, and, on January 4, 2013, the court issued a preliminary injunction.

After the trial court sustained defendants' demurrer to the complaint with leave to amend, Hernandez filed her first amended complaint. It alleged causes of action for fraud, deceit, concealment, intentional and negligent misrepresentation, violation of Business and Professions Code section 17200, breach of the covenant of good faith and fair dealing, violation of Civil Code section 2923.5, quiet title, declaratory relief, and to set aside trustee sale.

On June 14, 2013, the trial court sustained defendants' demurrer to all causes of action in the first amended complaint without leave to amend on the grounds that plaintiff had alleged new causes of action without leave and that plaintiff failed to state a cause of action. Hernandez, who was represented by counsel, did not file opposition and no appearance was made on her behalf at the hearing.[3] The trial court entered an order of dismissal with prejudice the same day.[4] On June 18, 2013, a "Notice of Ruling at Demurrer and Motion to Strike Hearing" was filed, with the order of dismissal attached as exhibit B.

Because there was no longer an operative complaint, the trial court scheduled, for June 28, 2013, an order to show cause (OSC) why the preliminary injunction should not be dissolved.

B.    *Hernandez's applications.*

After the order of dismissal was entered Hernandez filed a series of "applications":

1.    On **June 24, 2013**, Hernandez filed an ex parte application "for order shortening time for hearing for relief from order of June 14, 2013, and for stay order preventing preliminary injunction being dissolved pending hearing of motion for relief

---

[3]    Defendants also filed a motion to strike. Neither that motion nor defendants' demurrer is in the record on appeal.

[4]    The order of dismissal constitutes a final judgment. (§ 581d; *Kong v. City of Hawaiian Gardens Redevelopment Agency* (2002) 108 Cal.App.4th 1028, 1032, fn. 1.)

under CCP [§] 473 . . . ." The application invoked the mandatory relief provision of section 473, subdivision (b), based on the failure of Hernandez's attorney, due to a misunderstanding and illness, to obtain a continuance of the demurrer hearing and to oppose the demurrer.[5]

The trial court denied the application on June 25 and notice of ruling was served by mail the same day.[6] The court found that plaintiff was not entitled to mandatory relief because the "order sustaining the demurrers was not a dismissal or default"; the demurrers were sustained on the merits and not because of the attorney's failings; and plaintiff failed to submit a proposed opposition to demonstrate that her pleading was sufficient or that she could amend.[7]

2.     On **June 28, 2013**, Hernandez filed an ex parte application "for stay order preventing preliminary injunction being dissolved for lack of changed circumstances and pending appeal after judgment under CCP § 526(A)(3), et seq.; to set a hearing after ex parte of 6-24-13." The application appeared to be opposition to the OSC to dissolve the preliminary injunction. The trial court therefore set a hearing on the application for July 19, 2013 and continued the OSC to that date.

3.     On **July 11, 2013**, Hernandez filed: a proposed "opposition and objections to demurrer and motion to strike"; another attorney affidavit of fault; and a "supplemental ex parte application for hearing on motion for relief and stay order preventing preliminary injunction being dissolved and pending appeal after judgment under CCP § 526(A)(3, et seq.; to set a hearing after ex parte of 6-24-13; . . ."[8] The supplemental

---

[5]     Hernandez signed the attorney affidavit of fault on her attorney's behalf.

[6]     The proceeding was unreported.

[7]     The trial court noted that although Hernandez's application sought an order preventing dissolution of the preliminary injunction, the request was unsupported by argument.

[8]     Hernandez asserted that she filed "paperwork" July 18, but there is nothing in the record with a file stamp of that date.

application addressed "untouched issues" like whether mandatory relief under section 473 should have been granted and preservation of the status quo. There is some dispute as to whether the trial court received these documents in time for the upcoming July 19, 2013 hearing.

4. On **July 19, 2013**, the trial court dissolved the preliminary injunction, "[s]ince the Plaintiff no longer has an operative complaint, there is no cause of action that provides the Plaintiff with the remedy of an injunction."

5. On **July 23, 2013**, Hernandez filed a "second refiled supplemental ex parte application for hearing on motion for relief and stay order preventing preliminary injunction being dissolved and pending appeal after judgment under CCP § 526(A)(3), et seq; and jointly, to set a hearing to grant relief under CCP § 473 based on changed circumstances after ex parte of 6-24-13." The application argued that the preliminary injunction should not have been dissolved and that the trial court's June 25 order violated, for example, Hernandez's rights to counsel and to procedural due process. Defendants opposed the motion. The trial court set a hearing on the application for September 27, 2013 and issued a temporary stay of any pending foreclosure sale until then.

6. At the **September 27, 2013** hearing on this second application, the trial court found it in substance to be an untimely motion for reconsideration of the June 25, 2013 order denying plaintiff relief under section 473, subdivision (b). The court also found, in any event, that plaintiff failed to state any ground to reconsider the June 25 order.

7. On **October 15, 2013**, Hernandez filed an ex parte application "for stay order preventing preliminary injunction being dissolved pending appeal." The application asked the court to "[p]reserve the status quo of the existing case pending

5

Appellate Review." The trial court granted a temporary stay until November 4, 2013 to allow Hernandez time to file an appeal or writ.[9]

C. *The notices of appeal.*

On October 18, 2013, Hernandez filed a notice of appeal from the trial court's October 15, 2013 order "Vacating Writ of Mandate staying sale."

On November 6, 2013, Hernandez filed a notice of appeal from the trial court's September 27, 2013 order.

## DISCUSSION

### I. The appeal from the September 27, 2013 order.

There is a dispute as to what was the subject of the trial court's September 27, 2013 order. The matter on calendar was Hernandez's "second refiled supplemental ex parte application for hearing on motion for relief and stay order preventing preliminary injunction being dissolved and pending appeal after judgment under CCP § 526(A)(3), et seq; and jointly, to set a hearing to grant relief under CCP § 473 based on changed circumstances after ex parte of 6-24-13." Defendants and the trial court treated that application as a motion for reconsideration (§ 1008). On appeal, however, Hernandez argues that the application was a "refiling" or a "continuation" of a prior application opposing dissolution of the preliminary injunction.

The name of the application makes little difference, because it was not an appealable order. The application referred to the prior June 24, 2013 application, which sought relief under the mandatory provision of section 473, subdivision (b). Given that reference, the trial court correctly found that Hernandez was asking the court to reconsider its prior order denying the June 24, 2013 application. Such an order denying a motion for reconsideration is not separately appealable. (§ 1008, subd. (g).) "However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."

---

[9] Hernandez, on October 28, 2013, filed a writ of supersedeas in this court. After issuing a temporary stay, we denied the writ on January 22, 2014.

(*Ibid.*) The order denying relief under section 473 was the subject of the "reconsideration" application. But Hernandez did not appeal from the June 25, 2013 order. Hernandez also did not appeal the June 14, 2013 order of dismissal. (See *Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967 [appeal from an order denying reconsideration that did not designate the underlying judgment could not be construed as an appeal from the judgment].)

Hernandez, however, ambiguously says the application was "a *continuation* of the ex parte application/motion under CCP § 473(b), set in effect as a noticed motion." (Italics added.) It is unclear either what this means or how it renders the September 27, 2013 order appealable. To the extent it means Hernandez was "continuing" to argue she was entitled to relief under section 473, subdivision (b), that issue was adjudicated adversely to her on June 25, 2013, when the trial court denied Hernandez relief under that section. As we have said, Hernandez did not appeal from the June 25, 2013 order or from the June 14, 2013 order of dismissal. No appealable order is therefore before us. (See generally *In re Marriage of Loya* (1987) 189 Cal.App.3d 1636, 1638 [when we determine an appeal has been taken from a nonappealable judgment or order, it is our duty to dismiss the appeal].)

In any event, the trial court did not err by denying Hernandez relief under section 473, subdivision (b). That section allows a party relief from a judgment, dismissal, order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. (§ 473, subd. (b).) If the motion is accompanied by an attorney affidavit of fault, relief is mandatory, "unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (*Ibid.*) The court here said, "Plaintiff's failure to file opposition papers did not cause the Court to sustain the demurrers; instead, the Court sustained the demurrers because an analysis of the pleadings . . . failed to state sufficient facts; . . ." The court therefore sustained the demurrer because plaintiff failed to state a cause of action. On appeal, she does not clearly address why the court was wrong. Nor is the record adequate to demonstrate error. The record does not contain the demurrer.

7

Hernandez, as appellant, had a duty to provide an adequate record to demonstrate error. (*Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712, overruled on another ground by *Wilson v. Garcia* (1985) 471 U.S. 261.)

## II.     The appeal from the October 15, 2013 order.

The trial court dissolved the preliminary injunction on July 19, 2013.[10]  On October 15, 2013, the trial court temporarily stayed, to November 4, that dissolution order.  Hernandez appeals from the October 15 order but not from the July 19 order. Assuming that the October 15 order is appealable, Hernandez was not aggrieved by it— she asked for *and was granted* a temporary stay to allow her to file a writ in the Court of Appeal.

And even if we construed the appeal to be from the July 19, 2013 order dissolving the injunction, Hernandez still cannot establish error.  The trial court dissolved the injunction because there was no likelihood she would succeed on the merits of her case. There was no such likelihood because defendants' demurrer had been sustained without leave to amend and the court had issued an order of dismissal.  Hernandez did not appeal from that order and, as we have said, failed to provide an adequate record showing that the trial court erred by sustaining the demurrer without leave to amend.

In what appears to be an attempt to avoid the consequences of her failure to appeal the July 19, 2013 order, Hernandez mischaracterizes the trial court's September 27, 2013 order as the "final order" that dissolved the preliminary injunction.  Although the trial court refused to issue "any further stay" of the order dissolving the preliminary injunction, it was not the dissolution order.  The dissolution order was issued on July 19, 2013.

---

[10]      This order was appealable.  (§ 904.1, subd. (a)(6).)

## DISPOSITION

The appeal is dismissed.  Defendants and respondents are to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

EDMON, P. J.

KITCHING, J.