Filed 4/9/26  Marriage of Mussallem and Heim CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of NICHOLAS MUSSALLEM and JESSICA HEIM. | |
| NICHOLAS MUSSALLEM,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>JESSICA HEIM,<br><br>          Defendant and Appellant. | A173618<br><br>(Marin County<br>Super. Ct. No. FL1502885) |

Jessica Heim ("Jessica") appeals from a family court decision that certain income of her former husband Nicholas Mussallem ("Nick") should not be included for purposes of calculating child support.  Nick moves to dismiss the appeal on the basis it was taken from a nonappealable order.  We agree and shall dismiss the appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

Jessica and Nick divorced after approximately ten years of marriage. The family court entered a dissolution judgment in March 2016, and Jessica was ordered to pay Nick child support for the parties' two children.

In February 2019, Jessica and Nick stipulated to a modification of Jessica's child support obligation ("February 2019 Stipulation").  Among

1

other things, the February 2019 Stipulation required the parties to annually exchange tax documents and prepare a true-up such that child support would be based on the parties' "actual income[]." The stipulation expressly provided that "actual income[]" would not include "phantom income" which was defined as "income that is taxable to a party but is not actually received by him or her."

In September 2024, Jessica filed a request for order ("RFO") seeking recalculation of the child support true-up for 2021 because it did not include Nick's "incentive stock options." Relying on *In re Marriage of Macilwaine* (2018) 26 Cal.App.5th 514 (*Macilwaine*), Jessica contended Nick should have been charged with this income. She also sought sanctions based on Nick's allegedly fraudulent concealment of such income.

Nick filed an opposition, asserting no recalculation was needed because his employment incentive benefits constituted "phantom income" that was excluded under the February 2019 Stipulation. Nick also contended Jessica was fully informed of his employer's incentive programs.

The family court set a long cause trial for March 25, 2025. Before this date, Jessica requested bifurcation of the *Macilwaine* issue on the basis it would simplify the proceedings and promote judicial economy. On February 20, 2025, the court heard the bifurcated issue and orally ruled that Nick's employer options fell within the February 2019 Stipulation's "phantom income" exclusion; as such, the court concluded they did not have to be included when calculating the 2021 child support obligations.

Nick served Jessica with a proposed statement of decision relative to the *Macilwaine* issue, and Jessica filed objections in response. Before issuing a final statement of decision on this issue, however, the family court held a trial on the remaining issues raised in Jessica's RFO on March 25 and April

15, 2025. The court ultimately determined that Jessica did not meet her burden of demonstrating that Nick willfully concealed his employment incentive options, and that Nick's actions did not constitute concealment in light of the parties' February 2019 Stipulation.

On April 23, 2025, one week after trial concluded on the remaining issues in Jessica's RFO, the family court issued a Statement of Decision relative to the February 20, 2025 hearing on the *Macilwaine* issue ("April 2025 Statement of Decision"). In it, the court confirmed its prior ruling that the terms of the February 2019 Stipulation, including its exclusion of income that is not actually received, took precedence over default statutory or case law principles.

On June 5, 2025, Jessica appealed from the April 2025 Statement of Decision.

On August 8, 2025, the family court issued a final order relative to the trial held on March 25 and April 15, 2015 (the "Final August 2025 Order"). This order reflected the court's resolution of all issues related to Jessica's RFO, and included the court's finding that Nick did not willfully fail to disclose his income and its denial of Jessica's request for a recalculation of the 2021 child support obligations. The ruling also reiterated the court's conclusion from the April 2025 Statement of Decision that, under the February 2019 Stipulation, income not actually realized or received could not be included as income in calculating child support. The court indicated that "[a]ll other issues raised in [Jessica's] RFO were adjudicated in a separate decision following a bifurcated trial on 2/20/2025." Jessica did not appeal from the Final August 2025 Order.

3

Nick moves to dismiss Jessica's appeal because (1) it was taken from a nonappealable ruling on a bifurcated issue, and (2) Jessica failed to obtain a certificate of probable cause for appeal pursuant to Family Code section 2025 and rule 5.392 of the California Rules of Court (all references to rules are to the California Rules of Court). Nick's argument for dismissal has merit.

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) An order on a bifurcated issue is not separately appealable. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1433 (*Lafkas*); see also *In re Marriage of Loya* (1987) 189 Cal.App.3d 1636, 1639 (*Loya*) [reviewing court is "without jurisdiction to entertain an appeal of the trial court's interim ruling on a bifurcated issue"].) Instead, if a party desires to invoke immediate appellate jurisdiction over a bifurcated issue, he or she may seek a certificate of probable cause from the family court that ruled on the matter. (See Fam. Code, § 2025; rule 5.392.) When a bifurcated order has left other issues pending and is "merely preliminary to a final order," there is no appellate jurisdiction over the bifurcated issue in the absence of such a certificate. (See *Lafkas*, at p. 1434.)

Here, there is no dispute that Jessica appealed from the April 2025 Statement of Decision on the bifurcated *Macilwaine* issue and failed to appeal from the Final August 2025 Order. There is also no dispute that she failed to obtain a certificate of probable cause authorizing her to immediately appeal from the bifurcated order. Such a certificate, however, was necessary because the April 2025 Statement of Decision, which adjudicated the issue of whether Nick was required to report his incentive stock options for purposes of child support calculations, was clearly preliminary to the Final August

4

2025 Order on Jessica's RFO seeking to have the 2021 child support amounts recalculated because the incentive stock options had not been reported. (See *Lafkas*, *supra*, 153 Cal.App.4th at p. 1434.) The April 2025 Statement of Decision also left other issues pending, such as whether Nick willfully failed to disclose his 2021 income. (See *ibid*.) As such, a certificate of probable cause was required to immediately appeal the bifurcated order. (See *ibid*.)

In the face of these circumstances, Jessica requests that we exercise our discretion under rule 8.104(d)(2) to construe her notice of appeal from the April 2025 Statement of Decision as a premature appeal from the Final August 2025 Order. She also asserts it was "not possible" and would have been an "idle act" to request permission to file an early appeal from the April 2025 Statement of Decision because the trial on the remaining issues in this matter had already concluded by the time the statement of decision issued. Under circumstances such as these, where the notice of appeal was filed after the trial on the remaining issues had already concluded, Jessica contends the policy against preventing a multiplicity of appeals would not be advanced.

It is unclear the filing of Jessica's notice of appeal would prevent a multiplicity of appeals as such filing would not have precluded Jessica from later appealing the Final August 2025 Order. It is equally unclear why Jessica could not have requested a certificate of probable cause after the family court issued its April 2025 Statement of Decision but before it issued its Final August 2025 Order. Though Jessica claims this process could have taken a "minimum of six weeks" or "months," this purported fact would not have rendered the act of seeking certification "idle" or impossible.

Finally, Jessica is correct that under rule 8.104(d)(2), we may "treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry

5

of judgment." However, application of this rule is not warranted where, as here, the Legislature has set forth a different procedure for parties to seek early appellate review of a bifurcated order in a family court proceeding, and that procedure was not followed. (See *Loya, supra,* 189 Cal.App.3d at p. 1638 ["right to appeal in California is wholly governed by statute and appellate courts have no jurisdiction to entertain appeals except as provided by the Legislature"][1]; see also *Lafkas, supra,* 153 Cal.App.4th at p. 1432 ["[a]ppellate jurisdiction cannot be created by consent, waiver, or estoppel"].)

Further, because Jessica did not appeal the Final August 2025 Order, which decided additional issues in reliance on the family court's previous resolution of the bifurcated *Macilwaine* issue, it is not clear we could provide Jessica complete relief even if she were to persuade us that the court erred in its ruling on that issue. Because we conclude this is an inappropriate case for the exercise of our discretion under rule 8.104(d)(2), we shall dismiss the appeal for lack appellate jurisdiction.

## DISPOSITION

The appeal is dismissed for lack of appellate jurisdiction. Nick Mussallem is entitled to his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

---

[1]     *Loya* was decided before the Legislature adopted the procedure for obtaining a certificate to appeal a bifurcated order in a family law matter. (See *Loya, supra,* 189 Cal.App.3d 1636 [holding in 1987 that there was no appellate jurisdiction over a ruling on a bifurcated issue in a marriage dissolution proceeding]; Assem. Bill No. 3897 (1987-1988 Reg. Sess.) ch. 678, § 1 [enacting in 1988 the predecessor statute to Family Code section 2025 which authorized an appeal of a bifurcated family law issue when the superior court certified that such appeal was appropriate, and directed the Judicial Council to establish rules for the certification of such appeals by July 1, 1989].) But the Legislature's adoption of this procedure only strengthens our view that this is not an appropriate case for exercising our discretion pursuant to rule 8.104(d)(2).

6

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P. J.

_____
Rodríguez, J.

*Mussallem v. Heim*  (A173618)

7