[No. B189280. Second Dist., Div. Five. Aug. 6, 2007.]

In re the Marriage of JOHN and JEAN LAFKAS.
JOHN LAFKAS, Appellant, v.
JEAN LAFKAS, Respondent.

**COUNSEL**

Law Office of Jeanne Collachia and Jeanne Collachia for Appellant.

Leslie Ellen Shear for Respondent.

**OPINION**

**KRIEGLER, J.**—The family law court bifurcated issues involving division of disputed assets between husband and wife. Following the bifurcated trial, the trial court entered its ruling, generally resolving issues in favor of the wife. Husband filed a notice of appeal from the order on the bifurcated issue, without obtaining a certificate of probable cause from the trial court and without moving in this court to appeal on a bifurcated issue. We lack jurisdiction to consider this appeal in the absence of a certificate of probable cause and an order from this court allowing the appeal on the bifurcated issue. Accordingly, the appeal is dismissed.

Husband John Lafkas and wife Jean Lafkas separated in 1996 after six years of marriage. Marital status was terminated in 2001, although the

division of assets remained to be resolved. In 2003, the family law court bifurcated trial on one of the extant property issues—whether husband's interest in Smile Enterprises, a partnership established in 1971 by husband and two partners, was husband's separate property. In a 2005 order entitled "Further Judgment On Bifurcated Issue Of Characterization Of The Parties' Interest In Smile Enterprises," the family law court ruled that a new partnership agreement in Smile Enterprises, effective June 12, 1995, resulted in the creation of a community asset. As a result, one-third of any acquisitions and appreciation after June 12, 1995, were to be equally divided between husband and wife. Husband and wife were each entitled to one-half of one-third of the total profits of the Harvill properties (which were sold during the pendency of proceedings), and any other property purchased on and after June 12, 1995, including any sale proceeds and rental income.

Husband filed a notice of appeal from the 2005 order. He contends the trial court erred in ruling his interest in Smile Enterprises became community property on June 12, 1995.

The appeal must be dismissed for lack of jurisdiction. Appellate jurisdiction does not lie in this case, because the order on the bifurcated issue is not an appealable judgment or order, and no certificate of probable cause was obtained from the trial court pursuant to Family Code section 2025.[1]

" 'There is no constitutional right to an appeal; the appellate procedure is entirely statutory and subject to complete legislative control.' " (*Anchor Marine Repair Co. v. Magnan* (2001) 93 Cal.App.4th 525, 528 [113 Cal.Rptr.2d 284]; see also *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696 [107 Cal.Rptr.2d 149, 23 P.3d 43] (*Griset*) ["A trial court's order is appealable when it is made so by statute"]; *Vivid Video, Inc. v. Playboy Entertainment Group, Inc.* (2007) 147 Cal.App.4th 434, 440 [54 Cal.Rptr.3d 232] (*Vivid Video*).) Appellate jurisdiction cannot be created by consent, waiver, or estoppel. (*Vivid Video*, at pp. 440–441; *Four Point Entertainment, Inc. v. New World Entertainment, Ltd.* (1997) 60 Cal.App.4th 79, 81, fn. 1 [70 Cal.Rptr.2d 82].) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset, supra,* 25 Cal.4th at p. 696.) In civil cases there normally can only be an appeal from a final judgment. (*Vivid Video, supra,* 147 Cal.App.4th at p. 441.) If there are unresolved causes of action between the parties, the judgment is not final and an appeal therefrom must be dismissed. (*Griset, supra,* 25 Cal.4th at p. 697; *Vivid Video, supra,* 147 Cal.App.4th at p. 441.) "Whenever there is doubt as to whether we have jurisdiction to hear an appeal, we must raise that issue on our own initiative." (*In re Perris City News* (2002) 96 Cal.App.4th 1194, 1197 [118 Cal.Rptr.2d 38].)

---

[1] Hereinafter, all statutory references are to the Family Code.

■ We thus turn to the question of whether this family law appeal is within our jurisdiction. Disputes over the division of marital property may be litigated separately from the proceedings to dissolve the marriage. (*In re Marriage of Van Sickle* (1977) 68 Cal.App.3d 728, 735–737 [137 Cal.Rptr. 568].) An interlocutory judgment dissolving a marriage, and collateral issues decided with finality that are embodied in the judgment of dissolution, are appealable. (*Ibid.*) The appeal in this case was not taken from the judgment dissolving the marriage.

■ A family law court may bifurcate trial on one or more issues, including division of property or child custody, if resolution of the bifurcated issue is likely to simplify the determination of the other issues. (Cal. Rules of Court, rules 5.175(a), 5.175(c).)[2] Although an order on a bifurcated issue is not separately appealable,[3] the family law court may certify in its order that there is probable cause for immediate appellate review of the issue, or it may do so in response to a party's motion made 10 days after mailing of the decision. (Rule 5.180(b); see § 2025.)[4] "If the certificate is granted, a party may . . . file in the Court of Appeal a motion to appeal the decision on the bifurcated issue." (Rule 5.180(d)(1).) Failure to seek or obtain appellate review of the decision on the bifurcated issue does not preclude review of the decision upon appeal of the final judgment. (Rule 5.180(h).)

■ A certificate of probable cause was required by husband in this case to invoke the appellate jurisdiction of this court. Although the order on the bifurcated trial resolved some of the issues concerning Smile Enterprises, it did not resolve all of them, and issues concerning other property were still pending.[5] For example, issues regarding the retirement plans, deferred compensation, and a house on Callita remain unresolved. Moreover, the order on the bifurcated issue did not fix the value of the profits and rental income from Smile Enterprises that the trial court ordered divided, an issue husband indicates could be "especially contentious." Thus, the order appealed from is merely preliminary to a final order characterizing, valuing, and dividing all the marital assets. Husband did not follow the procedure in section 2025 allowing an interlocutory appeal on a bifurcated issue. No certificate of

---

[2] Hereinafter, all references to rules will refer to the California Rules of Court.

[3] "This rule does not apply to appeals from the court's termination of marital status as a separate issue, or to appeals from other orders that are separately appealable." (Rule 5.180(a).)

[4] Section 2025 provides: "Notwithstanding any other provision of law, if the court has ordered an issue or issues bifurcated for separate trial or hearing in advance of the disposition of the entire case, a court of appeal may order an issue or issues transferred to it for hearing and decision when the court that heard the issue or issues certifies that the appeal is appropriate. Certification by the court shall be in accordance with rules promulgated by the Judicial Council."

[5] We have taken judicial notice of the superior court file.

probable cause was obtained from the family law court. Accordingly, we have no jurisdiction to hear the appeal.

Acknowledging his failure to obtain the required certificate of probable cause or file a motion before this court to allow an appeal, husband urges us to construe the family court's granting of wife's application for attorney fees to retain appellate counsel as a de facto certificate of probable cause. We reject the argument, because there is no provision in the Family Code or the rules for a de facto certificate of probable cause. Simply stated, the family law court has not made a finding that immediate appellate review is desirable. (See Rule 5.180(b), (c).) We also reject husband's argument that the parties in effect agreed to an immediate appeal, because appellate jurisdiction cannot be conferred by waiver, estoppel, or consent. Husband further argues an immediate appeal would serve the parties' financial interest and the interests of judicial economy, because a final determination of the ownership of Smile Enterprises would go a long way to bringing this action to a final conclusion. However, appellate jurisdiction is wholly statutory, and husband has not complied with the rules necessary to invoke appellate jurisdiction over an interlocutory order.

Anticipating a holding that we lack appellate jurisdiction, husband asks us to treat this matter as an extraordinary writ. (See *In re Marriage of Doherty* (2002) 103 Cal.App.4th 895, 898 [126 Cal.Rptr.2d 919] [appellate court dismissed appeal from interlocutory family law court order characterizing property as community property, but exercised discretionary power to treat the appeal as a writ because the parties "agreed to bifurcate the issues" and "each has requested that we consider the merits of the appeal"].) We decline to exercise our discretion to treat this improper appeal as an extraordinary writ.

Although an appellate court has discretion to treat an imperfect appeal as a petition for writ of mandate, the power should be exercised only in unusual circumstances. (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1294 [91 Cal.Rptr.2d 60]; *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42 [24 Cal.Rptr.2d 337]; *Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1455–1456 [9 Cal.Rptr.2d 862].) "Generally, a writ must be issued in all cases 'where there is not a plain, speedy, and adequate remedy, in the ordinary course of law.'" *Doran v. Magan, supra,* 76 Cal.App.4th at p. 1294.) "The interests of clients, counsel, and the courts are best served by maintaining, to the extent possible, bright-line rules which distinguish between appealable and nonappealable orders." (*Mid-Wilshire Associates v. O'Leary, supra,* 7 Cal.App.4th at pp. 1455–1456.)

Husband has shown no exigent reasons why review of the interlocutory order should not await the rendition of a final judgment. Husband has an

adequate appellate remedy by an appeal from the final judgment. While a ruling that husband's interest in Smile Enterprises was separate property would obviate the need to litigate issues of valuation and division of Smile Enterprises, this asset is not the only asset that must be characterized, valued, and divided before the proceeding can reach a final conclusion. A ruling that the family law court's ruling is correct would leave unresolved issues of valuation of Smile Enterprises as well as issues concerning other marital assets. Neither scenario provides a compelling reason to grant immediate appellate review.

The appeal is dismissed. The parties are to bear their own costs on appeal.

Turner, P. J., and Mosk, J., concurred.