Filed 8/17/16  Marriage of Slotkin CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re the Marriage of GAIL SLOTKIN and MARK SLOTKIN. | B262045 |
| GAIL SLOTKIN, Respondent, v. MARK SLOTKIN, Appellant. | (Los Angeles County Super. Ct. No. BD531307) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen M. Moloney, Judge.  Dismissed.

Brian J. Kramer; Price, Postel & Parma and Drew Maley, for Appellant.

Langlois Family Law and Joseph Langlois; Benedon & Serlin, Gerald M. Serlin and Judith E. Posner, for Respondent.

_____

In this marital dissolution case, Mark Slotkin appeals from an order reserving for trial his request for modification of interim spousal support. Since the appeal is from a nonappealable order, we dismiss it.

## FACTUAL AND PROCEDURAL SUMMARY

Appellant married respondent Gail Slotkin in 1993. Their prenuptial agreement contains a general spousal support waiver, followed by several exceptions. One of those exceptions entitles respondent to spousal support in the amount of $37,500 a year, plus $750 a month for each of their two children, which the parties agree amounts to a total of $4,625 a month.

Respondent filed for dissolution in 2010. On May 11, 2011, Judge Stephen M. Moloney ordered appellant to contribute a certain amount towards respondent's attorney and accounting fees, as well as to pay $100,000 in unallocated interim child and spousal support. On January 5, 2012, the judge awarded respondent $40,000 and $20,000 a month in temporary spousal and child support respectively, with a start date on December 15, 2011. In February 2012, after a prolonged hearing, Judge Moloney issued a permanent domestic violence restraining order against appellant and ordered him to complete a batterer intervention program.

A bifurcated trial on the validity of the prenuptial agreement was held before Judge Maren E. Nelson between February and April 2013. Judge Nelson denied respondent's motion in limine to bar appellant from proceeding to trial under the disentitlement doctrine. The judge concluded that respondent had failed to offer admissible evidence of appellant's noncompliance with court orders, and that his alleged noncompliance was unrelated to the validity of the prenuptial agreement. As reflected in the statement of decision, respondent contended that the agreement was unconscionable because it had been induced by fraud and signed under duress, that it was unconscionable and unenforceable because of appellant's domestic violence, and that it was void as against public policy because it imposed limits on child support and attorney fees.

2

Respondent sought to rescind the agreement based on her mistake and appellant's breach of its terms. Judge Nelson rejected respondent's contentions.

As relevant here, Judge Nelson stated that appellant's "domestic violence and failure to comply with this court's interim orders for support and attorneys' fees are not condoned. Nonetheless, the [prenuptial agreement] is enforceable under the law in effect at the time of its execution." Judge Nelson found that appellant, or his business entities, had made payments for respondent's benefit in amounts exceeding, or at least equal to, the amount of spousal support provided for in the prenuptial agreement, but the judge made no findings as to the total amounts paid by appellant or credits due under any interim orders.

Appellant then filed a request for modification of the interim child and spousal support orders entered on January 5, 2012, which was scheduled to be heard in August 2013. As to spousal support, appellant asked the court to void its interim order because it was inconsistent with the limitation on spousal support in the prenuptial agreement, which Judge Nelson had found to be enforceable. Appellant asked the court to adopt Judge Nelson's ruling that he had met his spousal support obligations under the prenuptial agreement.

In a minute order on July 24, 2013, Judge Moloney deferred to trial issues of child support and the amount of spousal support paid by appellant (including any credits and offsets). The hearing on appellant's request for modification of the interim support orders was continued several times and was set to be heard in January 2014. In the meantime, at a hearing in November 2013, Judge Moloney ruled sua sponte that no further spousal support was owed beyond that set forth in the prenuptial agreement. That ruling was vacated in July 2014, upon respondent's objection that the issue of spousal support had not been before the court at the November 2013 hearing.

Following briefing on appellant's request for modification, the issue was argued at a hearing in November 2014. Respondent requested that decision on the modification of interim child and spousal support be deferred to trial or to an evidentiary hearing. She argued that the court's interim support orders were final as to amounts already accrued

3

before appellant's request for modification, and that the court had reserved jurisdiction solely to order retroactive child and spousal support for the period between respondent's original request, in October 2010, and the effective date of the interim support orders, in December 2011. She also argued that appellant should be disentitled from seeking relief regarding support because he was in violation of court orders; that appellant's domestic violence invalidated the spousal support provision in the prenuptial agreement as a matter of public policy, regardless of Judge Nelson's decision; and that the spousal support provision in the agreement was modifiable.

For his part, appellant argued that no further trial or evidentiary hearing was required because Judge Nelson already had ruled on enforceability of the prenuptial agreement, and her decision was binding. Appellant was of the view that the interim spousal support order had been issued in error, that the court had reserved jurisdiction to retroactively modify it, and that it could reconsider that order under Code of Civil Procedure section 1008.

In his January 22, 2015 order, Judge Moloney referred several issues to trial, which was to take place before another judge. Among those issues were appellant's request for downward modification of child and spousal support; arrears owed for such support; and respondent's request for an upward modification of the spousal support provision in the prenuptial agreement based on domestic violence, disentitlement, and the absence of an express provision from the agreement that spousal support is nonmodifiable. Judge Moloney observed that Judge Nelson's statement of decision indicated issues of domestic violence and disentitlement had been addressed at the bifurcated trial, but he could not determine the extent to which they were addressed. Regardless, he provided that issues previously litigated and ruled upon, such as disentitlement and domestic violence, could be disposed of through a motion in limine. Judge Moloney concluded he had reserved jurisdiction to rule both on the retroactivity and modification of the interim support order of January 5, 2012, but that the May 11, 2011 order of unallocated support and fees was final and not subject to modification. The

4

judge envisioned that, after trial, respondent would be entitled to either $4,625 a month in spousal support under the prenuptial agreement, or to a larger amount.

This appeal is from Judge Moloney's January 22, 2015 order.

## DISCUSSION

An order granting, modifying, or denying temporary spousal support is immediately appealable, as is an order denying a motion to terminate or modify temporary spousal support. (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368; *In re Marriage of Gruen* (2011) 191 Cal.App.4th 627, 637–638; *In re Marriage of Campbell* (2006) 136 Cal.App.4th 502, 506; *In re Marriage of Murray* (2002) 101 Cal.App.4th 581, 598.) Although interlocutory, such orders are appealable as final orders on collateral matters because they are "'dispositive of the rights of the parties in relation to the collateral matter, and directing payment of money or performance of an act . . . .'" (*Marriage of Gruen*, at pp. 637–638, quoting *Marriage of Skelley*, at p. 368.) To be "final" and hence appealable, an order must not require any further judicial action on matters it addresses. (*Koshak v. Malek* (2011) 200 Cal.App.4th 1540, 1545.)

Judge Moloney's January 22, 2015 order is an unappealable interlocutory order. It neither granted nor denied appellant's request for modification of interim spousal support, but rather reserved decision on that matter for trial. Appellant argues the order is appealable because it denied his request "that the issue of temporary spousal support be dispositively resolved by the terms of the [prenuptial agreement]." That is incorrect. The order expressly allows for the possibility that respondent may be precluded from relitigating issues regarding the validity of the prenuptial agreement that were decided by Judge Nelson, and that, after trial, respondent may be limited to only $4,625 a month in temporary spousal support pursuant to the prenuptial agreement. Nothing in the order suggests that Judge Moloney disregarded Judge Nelson's decision.

Appellant's argument that Judge Moloney's order is on a collateral matter that would evade review is unpersuasive, and his reliance on *Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887 is misplaced. At issue in that

5

case was an order granting a new trial but denying sanctions for misconduct related to a previous trial. (*Id.* at p. 904.) The court concluded the sanctions issue was unrelated to the issues to be decided during the new trial and might escape appellate review because it would not be part of the final judgment, assuming a new trial took place on remand. (*Ibid.*) Here, in contrast, the amount of spousal support to which respondent is entitled is not severable from other matters reserved for trial, such as the amount of support paid or the amount of credits and offsets, matters on which Judge Nelson made no findings. Nor will the issue evade appellate review because Judge Nelson's decision on the validity of the prenuptial agreement, as well as any final determination on the amount of spousal support, will be appealable from the final judgment. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1433; see Cal. Rules of Court, rule 5.392 [failure to seek or obtain appellate review of decision on bifurcated issue does not preclude review upon appeal of final judgment].) Appellant, in essence, argues that Judge Moloney erred in not deciding the request for modification as a matter of law. But whether or not the order is erroneous is irrelevant to the preliminary determination of its appealability.

Alternatively, appellant requests that we treat his appeal as a petition for a writ of mandate. While we have authority to do so, "we should not exercise that power except under unusual circumstances." (*Olson v. Cory* (1983) 35 Cal.3d 390, 401.) In *Olson v. Cory*, the court treated an appeal as a petition for extraordinary writ to avoid unnecessary trial proceedings, where the briefs and record on appeal were adequate, the appealability of the order was not clear, and all parties urged the court to reach the merits. (*Id.* at pp. 400–401.) None of these conditions is present here.

Respondent has not joined in appellant's request, and the nonappealabity of Judge Moloney's order is clear. To the extent appellant's request for review presumes the validity of the prenuptial agreement and the invalidity of Judge Moloney's interim support orders (matters not before us), it invites a piecemeal review and disposition in a single action, which would be "oppressive and costly." (*Comerica Bank v. Howsam* (2012) 208 Cal.App.4th 790, 821–822.) Treating the appeal as a writ petition under the circumstances would obliterate the distinction between appealable and nonappealable

6

orders, and may "encourage parties to knowingly appeal from nonappealable orders." (*Mid-Wilshire Associates v. O'Leary* (1992) 7 Cal.App.4th 1450, 1456.)

While "the delay and expense of trial is a valid consideration in deciding whether to grant writ review [citation]" (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1367), that consideration is not of paramount importance here since the amount of interim support paid will need to be determined at trial in any event. Appellant may avoid some of the expense of relitigating issues already decided by Judge Nelson through a motion in limine, as recommended by Judge Moloney. Notably, the judge declined to rule on appellant's request for modification because he could not determine from Judge Nelson's statement of decision to what extent the issues of domestic violence and disentitlement were litigated in the bifurcated trial. It is even less clear whether the issue of modifiability of spousal support was before Judge Nelson. The record on appeal contains neither the prenuptial agreement, nor the briefs and transcripts from the bifurcated trial (with the exception of respondent's motion in limine).

We decline to consider the appeal as a writ petition. Since we have no jurisdiction to review an appeal from a nonappealable order, we must dismiss it. (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1432.) Because we dismiss the appeal for lack of jurisdiction, we do not reach respondent's contention that appellant is barred from seeking appellate relief under the disentitlement doctrine.

7

## DISPOSITION

The appeal is dismissed; the request for extraordinary relief is denied.  Respondent is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.

We concur:


WILLHITE, J.


MANELLA, J.