Filed 4/15/21  Marriage of Memon CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of FATIMA and SHAKIL MEMON. | |
| FATIMA SYED,<br><br>        Appellant,<br><br>v.<br><br>SHAKIL MEMON,<br><br>        Respondent. | A157964<br><br>(Contra Costa County<br>Super. Ct. No. D0904978) |

In this marital dissolution action, Fatima Syed appeals from a choice of law order made during trial on several reserved issues, including spousal and child support and property division.  We conclude the order is not appealable and dismiss the appeal.[1]

---

[1] We requested and received supplemental briefing on appealability.  We refer to the parties by their first names for convenience and clarity, intending no disrespect.  During her marriage to Shakil Memon, Fatima's name was Fatima Memon.  Fatima requested oral argument.  Because we dismiss the appeal without reaching the merits, Fatima does not have a right to oral argument.  (*Moles v. Regents of University of California* (1982) 32 Cal.3d 867, 871–872.)

1

BACKGROUND

Fatima and Shakil married in 2002. They lived in California until 2005, when they moved to New Jersey. Fatima gave birth to a son in New Jersey. Three years later, Fatima and Shakil separated; Fatima returned to California, and Shakil moved to India. The following year, Fatima petitioned to dissolve the marriage in Contra Costa County Superior Court. The trial court dissolved the marriage in 2011 and granted Fatima physical custody of the parties' son. Several years later, the court awarded Fatima child support. Shakil appealed. We affirmed. (*In re Marriage of Memon* (Feb. 28, 2016, A143745/A145315) [nonpub. opn.].)

The court set a February 2014 trial date to resolve several issues, including child and spousal support and property division, but trial did not begin until October 2018. At the outset of trial, the court determined the date of the parties' separation and ruled on the applicability of Shakil's affirmative defenses to Fatima's misappropriation of marital property claim. Then the parties presented evidence and argument on their domicile for purposes of dividing marital property.

The court ordered the parties to file supplemental briefs on the domicile issue, and to be ready to "argue the other [unresolved] issues," including spousal support and one of Shakil's affirmative defenses, when trial resumed. The parties filed supplemental briefs. Trial resumed in February 2019. On the next day of trial, which was not reported, the court determined it did "not have jurisdiction to divide N[ew] J[ersey] property." It ordered counsel for Shakil to prepare an order.

In June 2019, the court signed a written order "on the issue of choice of law" for property "acquired, used, disposed of, etc. after the parties became domiciled in New Jersey." The court found the "parties['] domicile in

2

California ended and they became domiciled in New Jersey when they moved there in June 2005." It also determined New Jersey law applied to "property acquired, used, disposed of . . . while the parties were domiciled in New Jersey." Finally, the court concluded California had "no jurisdiction" to characterize and divide that property.

Fatima appealed.

## DISCUSSION

The existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1432 (*Lafkas*).) " 'Whenever there is doubt as to whether we have jurisdiction to hear an appeal, we must raise that issue on our own initiative.' " (*Id.* at p. 1432.) And when there is no appealable order or judgment, we must dismiss the appeal. (*In re Marriage of Levine* (1994) 28 Cal.App.4th 585, 587.)

Under Code of Civil Procedure section 904.1, a judgment or order " 'is not appealable unless it is final in the sense that it decides the rights and duties of the parties and terminates the litigation.' " (*In re Marriage of Griffin* (1993) 15 Cal.App.4th 685, 689.)[2] Here, the order does not terminate the litigation. Numerous issues—including spousal and child support, property division, and Fatima's claim for misappropriation of marital property—remain unresolved and further judicial action is essential to a final

---

[2] Undesignated statutory references are to the Code of Civil Procedure. An interlocutory judgment dissolving a marriage is appealable, but Fatima has not appealed from the dissolution judgment. (*Lafkas, supra,* 153 Cal.App.4th at p. 1433.) A court may bifurcate trial and certify a ruling on a bifurcated issue for immediate appeal (Fam. Code, § 2025; Cal. Rules of Court, rule 5.392), but Fatima did not follow the procedure set forth in that statute and corresponding court rule. (*In re Marriage of Doherty* (2002) 103 Cal.App.4th 895, 898.)

3

determination of the parties' rights.  (*Griffin,* at pp. 687, 689 [no appealable final judgment where "[m]any issues, including spousal support and other property issues remain to be tried"].)

In her opening brief, Fatima contends the order is appealable under section 904.1, subdivision (a)(2) because it followed the dissolution judgment. We are not persuaded.  Although "section 904.1, subdivision (a)(2) makes appealable 'an order made after a judgment . . . ,' this does not literally mean that *any* order after a previous judgment is appealable."  (*In re Marriage of Ellis* (2002) 101 Cal.App.4th 400, 403; *In re Marriage of Tim & Wong* (2019) 32 Cal.App.5th 1049, 1053 [allowing an appeal from every postdissolution order would slow litigation after dissolution judgment to a standstill].) A postjudgment order that is " 'preliminary to a later judgment' " or " 'preparatory to later proceedings' " is not appealable under section 904.1, subdivision (a)(2).  (*Ellis,* at p. 403.)  Such an order is "interlocutory in nature." (*Ibid.*)

Here, the choice of law order is interlocutory.  The court's determination that New Jersey law applied during a portion of the marriage is merely the first step in resolving the parties' ongoing dispute over numerous issues.  Because the order is "preliminary to an anticipated final [judgment] evaluating and dividing" the parties' assets and resolving other issues (*In re Marriage of Ellis, supra,* 101 Cal.App.4th at p. 403), it is "not sufficiently final to be appealable" under section 904.1, subdivision (a)(2).  (*In re Marriage of Levine, supra,* 28 Cal.App.4th at p. 589; *Lafkas, supra,* 153 Cal.App.4th at p. 1433 [order dividing some marital assets but leaving several issues "unresolved" was not appealable].)

Nor is the court's ruling appealable as a collateral order, as Fatima contends.  The collateral order doctrine authorizes an appeal where a " 'trial

4

court's ruling on a collateral issue "is substantially the same as a final judgment in an independent proceeding" [citation], in that it leaves the court no further action to take on "a matter which . . . is severable from the general subject of the litigation." ' " (*In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 418.)  Here, the ruling was not distinct and severable from the general subject of the litigation.  Instead—and as discussed above—the order "was a necessary step to the ultimate division of the parties' entire marital estate." (*Id.* at p. 419; *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 562.)

We decline Fatima's request in the alternative to treat this improper appeal as a writ petition.  An appellate court's discretion "to treat an imperfect appeal as a petition for writ of mandate . . . should be exercised only in unusual circumstances." (*Lafkas, supra,* 153 Cal.App.4th at p. 1434.)  Despite Fatima's argument to the contrary, there are no extraordinary or exigent circumstances warranting writ review because Fatima's claims are reviewable on appeal from the final judgment.  (*Id.* at pp. 1434–1435.)  Additionally, the "interests of judicial economy are best served here by finally resolving the dispute between the parties at the trial court and reviewing any assertions of error in a single appeal." (*In re Marriage of Tim & Wong, supra,* 32 Cal.App.5th at p. 1057.)

## DISPOSITION

The appeal is dismissed.  In the interests of justice, the parties are to bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

5

_____

Rodriguez, J.*

WE CONCUR:


_____

Simons, Acting P. J.


_____

Needham, J.


A157964

* Judge of the Superior Court of Alameda County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6