Filed 12/9/21  Marriage of Kuperschmit and Jones CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Marriage of KUPERSCHMIT and JONES. | B302817 |
| DEREK JONES, Appellant, | (Los Angeles County Super. Ct. No.  18STFL06653) |
| v. | |
| INES KUPERSCHMIT, Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne K. Richardson, Judge.  Dismissed.

Derek Jones, self-represented litigant, for Appellant.

No appearance for Respondent.

————————————————

Derek Jones appeals from an order that modifies an interim custody order he stipulated to with his ex-wife, Ines Kuperschmit. The trial court modified the interim order to award Kuperschmit tie-breaking authority over educational decisions for their four minor children.[1] The interim custody order otherwise remained in effect. On appeal, Jones primarily contends the trial court erred because it ignored several factors reflecting the best interests of the children and failed to provide a statement of reasons for its ruling. Because Jones appeals from a nonappealable order, we dismiss the appeal.

## PROCEDURAL BACKGROUND

On May 30, 2018, Kuperschmit petitioned for dissolution of the marriage. In the course of their divorce proceedings, Kuperschmit and Jones entered into an agreement captioned "Stipulation Re: Interim Parenting Schedule and Temporary Support," which was converted to an order by the trial court.[2] In pertinent part, the stipulated order provides that "Ines and Derek are awarded interim joint legal custody of the minor children. Both parents shall share the right and responsibility to make decisions relating to the health, education and welfare of the minor children."

On June 3, 2019, Kuperschmit filed a request for an order permitting the children to attend the school of her choice. Jones opposed Kuperschmit's request and sought sole decision-making authority in his responsive declaration. On August 1, 2019, the

[1]    Kuperschmit did not file a respondent's brief or otherwise appear in this appellate proceeding.

[2]    Neither the stipulation nor the order are part of the record on appeal. We take the information regarding the contents of the stipulation and order from Jones's assertions in his opening brief.

2

trial court heard extensive argument from the parties.  In its October 2, 2019 order after the hearing, the trial court awarded Kuperschmit "tie-breaking authority over all educational decisions for the children, including, but not limited to, the choice of school for the minor children" with the condition that the parties continue to meet and confer regarding future educational decisions.  The order further specified the parties would continue to share joint legal custody over issues not related to the children's education.

Jones timely appealed from the October 2, 2019, order.

### DISCUSSION

As a threshold matter, we must decide whether the court's modification is an appealable order.  "The existence of an appealable judgment is a jurisdictional prerequisite to an appeal.  A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.)  The modification of an interim custody order is not listed as an appealable order in section 904.1.

Jones asserts Code of Civil Procedure section 904.1, subdivision (a)(10) applies.  Under that subdivision, an appeal may be taken "[f]rom an order made appealable by the Probate Code or the Family Code." (Code Civ. Proc., § 904.1, subd. (a)(10).)  Jones fails to specify which section of the Family Code renders the challenged order appealable.  He has thus failed to meet his burden to explain why the order appealed from is appealable.  (Cal. Rules of Court, rule 8.204(a)(2)(B); *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 557.)

3

Our own review of the Family Code shows Family Code section 2025 makes appealable interim rulings on bifurcated issues if the trial court certifies the appeal is appropriate and the appellate court orders the issue transferred to it for hearing.[3] (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1431.) That did not happen here.

Alternatively, Code of Civil Procedure section 904.1, subdivision (a)(14) allows an appeal "[f]rom a final order or judgment in a bifurcated proceeding regarding child custody or visitation rights." This provision also does not apply because the challenged order is not final. By its own terms, the stipulated order is an interim arrangement. Jones expressly states this in his opening brief. The trial court's subsequent modification did not render the modification a final order, particularly when it modified only one aspect of the parties' legal custody and Kuperschmit's decision-making authority remained conditional. Jones has failed to identify, and we have not found, any other statute that could make the challenged order appealable.

At oral argument, Jones advised this court that trial on financial issues and modification of physical and legal custody is currently set for January 31, 2022. Jones also stated he intended to raise the parties' educational rights with the court at trial but

---

[3] Family Code section 2025 provides: "Notwithstanding any other provision of law, if the court has ordered an issue or issues bifurcated for separate trial or hearing in advance of the disposition of the entire case, a Court of Appeal may order an issue or issues transferred to it for hearing and decision when the court that heard the issue or issues certifies that the appeal is appropriate. Certification by the court shall be in accordance with rules promulgated by the Judicial Council."

that he would not seek to remove the children from their current school during the school year.  Jones's statements to this court are consistent with our conclusion that the trial court's order of October 2, 2019, was an interim, nonappealable order.

We accordingly dismiss Jones's appeal.  (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307 ["a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion' "].)

## *DISPOSITION*

Jones's appeal, filed on December 6, 2019, is dismissed.


RUBIN, P. J.

WE CONCUR:



BAKER, J.



MOOR J.



5