Filed 9/20/24  Marriage of Vinci CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re the Marriage of SUZANNE and THOMAS VINCI. | C099097 |
| SUZANNE VINCI,<br><br>Appellant,<br><br>v.<br><br>THOMAS VINCI,<br><br>Respondent. | (Super. Ct. No. 19FL03775) |

Following the dissolution of their marriage, Suzanne Vinci (wife) and Thomas Vinci (husband) sought to divide their marital property.  After a trial, the trial court issued an order characterizing and dividing various items of property but leaving for further proceedings the appropriate disposition of a commingled business asset.  On appeal, wife challenges the court's order, contending that it incorrectly characterized certain assets as husband's separate property.  We conclude that the challenged order is not appealable because it did not dispose of all the issues between the parties.  We therefore dismiss the appeal.

1

BACKGROUND

Husband and wife were married for approximately 10 years and separated in June 2019. They did not have any children. The trial court entered a judgment dissolving their marriage in March 2020.

The trial court later held a trial to address "the characterization of the parties' residential and business properties, vehicles, personal loans and other assets and debts." Evidence at the trial, which was not transcribed by a court reporter, demonstrated that the parties lived in a residential property that husband had inherited from his mother in 2005. During the marriage, husband decided to buy a small commercial property using equity from the residential property. The parties jointly signed a loan to obtain the equity, which was then used to purchase the commercial property and to pay wife for repairs she had made to the residential property. The remainder of the proceeds were disbursed to husband's bank account. As part of the transaction, husband signed a deed conveying an interest in the residential property to wife. The parties disputed whether husband understood that this would affect his ownership interest in the property and the extent to which husband relied on wife's expertise in property transactions.

On April 25, 2023, the trial court issued its "Findings and Order After Hearing." The court ruled that the residential property was husband's sole and separate property. It reached the same conclusion with respect to the commercial property. The court also characterized several other assets and liabilities as husband's separate property or debts; and it divided various items of community property between the parties.

The trial court, however, "was unable to render a decision" with respect to a commingled business asset without a proper business valuation. The court noted that no such valuation was provided at trial; nor was there an inventory of business assets or a tracing of business purchases made during the marriage. Without a business valuation, the court also declined to address the characterization and disposition of a car purchased for business use. The court stated that, "[i]f the business is deemed separate property, the

2

value of the vehicle is confirmed to the community. If not, then the value of the vehicle is the separate property" of husband. At wife's request, the court continued the matter until June 26, 2023, "with regard[ ] to the characterization of the business assets and debts and for submission of a business valuation." (Bolding omitted.)

On June 8, 2023, wife requested a certificate of probable cause to file an interlocutory appeal. The trial court denied the request, reasoning that there was "no special purpose for such a ruling at this time."

Wife also sought a continuance for the further proceedings on the characterization of the commingled business asset. The court granted her request and calendared the continued hearing for November 6, 2023.

On July 3, 2023, the trial court signed a judgment on reserved issues that attached and incorporated the April 25, 2023, "Findings and Order After Hearing." Shortly thereafter, wife filed a notice of appeal stating that she sought to appeal the July 3, 2023, judgment. Husband filed a motion to dismiss the appeal in this court. We denied the motion without prejudice to the parties raising the jurisdictional issue in their appellate briefing.

DISCUSSION

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Indeed, a "reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by Code of Civil Procedure section 904.1." (*Ibid.*) A "judgment is a final determination of the rights of the parties." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698.) " 'The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.' " (*Id.* at p. 697; see also *Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 652.) " 'It is not the form of [a] decree but the substance and

3

effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Griset v. Fair Political Practices Com.*, *supra*, at p. 698.)

Wife seeks to appeal from the trial court's judgment entered on July 3, 2023, which attached and incorporated the "Findings and Order After Hearing" issued on April 25, 2023. That order characterized and divided some assets and liabilities, but it did not reach a decision on the commingled business asset or one of the parties' cars. With respect to those assets, the trial court continued proceedings—at wife's request—so that it could receive additional evidence regarding the value of the business, its assets, and its debts. The order thus did not reflect a final determination of the rights and duties of the parties; further judicial action was required to finally divide the marital property. Because the order was only preliminary to an eventual final judgment characterizing, valuing, and dividing all marital assets, it is not appealable. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1433-1434; see also *Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 223.)

Beyond contending that the challenged order reflects a final disposition of the parties' dispute, wife points to Family Code section 2025. That statute provides: "Notwithstanding any other provision of law, if the court has ordered an issue or issues bifurcated for separate trial or hearing in advance of the disposition of the entire case, a court of appeal may order an issue or issues transferred to it for hearing and decision when the court that heard the issue or issues certifies that the appeal is appropriate." While an appeal may be taken from "an order made appealable by . . . the Family Code" (Code Civ. Proc., § 904.1, subd. (a)(10)), Family Code section 2025 does not assist wife,

4

because the trial court refused her request to certify that an interlocutory appeal of its April 25, 2023, order was appropriate.

DISPOSITION

The appeal is dismissed for lack of jurisdiction.  Husband shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

 

/s/_____
FEINBERG, J.

We concur:

/s/_____
EARL, P. J.

/s/_____
HULL, J.

5