Filed 3/16/26  Crane v. Dolihite CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| RICHARD J. CRANE,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JOSEPH CLAY DOLIHITE et al.,<br><br>Defendants and Respondents. | F088525<br><br>(Super. Ct. No. 14C0180)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Kings County.  Valerie R. Chrissakis, Judge.

Richard J. Crane, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Monica N. Anderson, Assistant Attorney General, Neah Huynh, Jaime M. Ganson, Nasstaran Ruhparwar and Casey Trang, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

## INTRODUCTION

Plaintiff and appellant Richard J. Crane appeals from an order issued on July 15, 2024, captioned "ORDER RE: DOCUMENTS SUBMITTED BY PLAINTIFF"

(boldface omitted), which was an order to the clerk of the trial court advising further documents submitted by appellant in that matter should not be filed, because the trial court lacked jurisdiction, and should instead be returned to appellant. It also explained, for appellant's benefit, the reason the court lacked jurisdiction over the matter. As respondent Lopez correctly argues, this is a nonappealable order, and this court lacks jurisdiction to hear any appeal from it. Accordingly, this appeal must be dismissed for lack of jurisdiction.

## FACTUAL AND PROCEDURAL BACKGROUND

We previously heard an appeal in this case in *Crane v. Dolihite* (2021) 70 Cal.App.5th 772 (*Crane I*). A more complete factual background of the underlying allegations in this case is set out in *Crane I*. Briefly, appellant was assaulted by a fellow inmate—respondent and defendant Joseph Clay Dolihite—who punched him and stabbed him in the neck with a pencil. (*Id.* at p. 777.) Appellant thereafter sued Dolihite in a personal injury complaint, which was initiated in June 2014. (*Ibid.*) Appellant had difficulty serving Dolihite, and the case was stayed several times. (*Id.* at pp. 778–780.) Part of the difficulty in serving Dolihite, a fellow inmate, was because the trial court noted appellant would need permission of the warden prior to corresponding with Dolihite, which it believed included service. (*Id.* at p. 779.) Numerous communications from appellant to the warden requesting permission to correspond with Dolihite were met with no response. (*Id.* at pp. 780–781.) Appellant then sought to serve the summons and complaint via the Monterey County Sheriff's Office, as Dolihite was then incarcerated in Monterey County. (*Id.* at pp. 781–782.) The sheriff's office refused to serve the complaint, and instead instructed appellant to contact the prison to effect service. (*Id.* at p. 782.) Appellant then mailed the summons and complaint to Salinas Valley State Prison. (*Ibid.*) This was returned to him by respondent Lopez, the litigation coordinator at the prison, with a note stating it "was being returned 'for the following reasons: [¶] *Improper Service and the Litigation office does not serve or accept service for other

2.

inmates.' " (*Ibid.*) Following this, the court dismissed appellant's case for failure to file a proof of service. (*Ibid.*)

In *Crane I*, we noted the law required ensuring prisoners have meaningful access to the courts. (*Crane I*, *supra*, 70 Cal.App.5th at pp. 783–784.) This requires trial courts to look to the "the practicality and effectiveness of the various measures available to protect the prisoner's right of access to the courts." (*Id.* at p. 784.) We observed that regulations promulgated by the California Department of Corrections and Rehabilitation (CDCR) permit service by sworn peace officers within a facility, and also provide for receiving service of process by institutional staff, who then complete the service on inmates residing in the facility. (*Id.* at p. 787.) Further, we observed that the Penal Code imposes a duty on the litigation coordinator to "forthwith deliver [the papers] to the prisoner, with a note thereon of the time of its service," which "strongly implies that jailers are required to accept service in the first place." (*Id.* at pp. 786–787.) We concluded that the effect of the trial court's statements about how appellant would be required to serve Dolihite, the sheriff's office's refusal to serve Dolihite, the refusal of prison officials to respond to appellant's inquiries, and Lopez's refusal to accept service for Dolihite by mail combined to deny appellant meaningful access to the courts. (*Id.* at pp. 789–791.) We reversed the dismissal and directed the trial court to "adopt a measure that accomplishes service of the summons and complaint," which could be one of several options or another measure, "so long as the measure is effective in achieving service." (*Id.* at p. 795.) We noted then that "[w]e recognize further difficulties may arise in both the prosecution and the defense of this action." (*Id.* at p. 795, fn. 7.) However, "[f]uture difficulties, and how they should be resolved to protect each inmate's right of access to the courts," were "necessarily beyond the scope" of that opinion. (*Ibid.*)

Further difficulties have since arisen. Appellant filed a second amended complaint on March 23, 2022. While this complaint is not included in the record on appeal, it appears to have named respondent Lopez as a defendant in a cause of action filed under

section 1983 of title 42 of the United States Code; after Lopez was successfully served on June 30, 2022, he then removed the case to the U.S. District Court for the Eastern District of California on July 27, 2022, properly asserting removal based on federal question jurisdiction.  Thereafter, appellant filed a motion to remand on August 25, 2022.[1]  The federal court denied the motion on October 25, 2023.  On April 29, 2024, appellant voluntarily dismissed his case without prejudice pursuant to rule 41 of the Federal Rules of Civil Procedure.

Following the removal of his case to federal court, it appears appellant continued to attempt to file documents in the removed case in state court on numerous occasions.  These documents were apparently returned to appellant, and ultimately, on July 15, 2024, the court issued the order appealed from in this case, which it captioned as "ORDER RE: DOCUMENTS SUBMITTED BY PLAINTIFF" (boldface omitted, hereafter "the

---

[1]     This document is included in a request for judicial notice filed on July 10, 2025, by respondent, and we take judicial notice of the exhibits attached thereto.

Numerous motions and requests for judicial notice were filed by appellant in this case, including requests filed on January 16, January 27, two filed on March 19, April 4, May 12, May 15, June 11, October 3, October 24, November 6, 2025, and February 18, 2026.  Additionally, we are in receipt of the following motions:  (1) a motion to strike respondent's brief and for sanctions, filed on September 30, 2025; (2) a motion for leave to file the motion to strike respondent's brief nunc pro tunc, filed on October 1, 2025; (3) a "MOTION IN REQUEST FOR CLARIFICATION OR LIMITED REMAND," filed on October 22, 2025; (4) a "MOTION TO STRIKE RESPONDENT'S OPPOSITION TO THE MOTION IN REQUEST FOR CLARIFICATION …," filed on November 14, 2025; and (5) a motion to strike respondent's oral argument, filed on January 29, 2026.  Except as specifically listed in this opinion, we deny all requests for judicial notice, as the documents for which judicial notice is requested are irrelevant to our resolution of this particular matter, or the request is moot because judicial notice has already been taken of the document. (*Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 ["[a]lthough a court may judicially notice a variety of matters (Evid. Code, § 450 et seq.), only *relevant* material may be noticed"], overruled on other grounds in *In re Tobacco Cases II* (2007) 41 Cal.4th 1257.)  Additionally, we deny the motions of September 30, October 22, November 14, 2025, January 29 and February 18, 2026.  The October 1 motion for leave to file the motion of September 30 nunc pro tunc is GRANTED.

appealed order"). In the appealed order, the court noted the matter was removed in July 2022, but that appellant had continued attempting to file numerous documents, including a motion for entry of default, a third amended complaint, a motion to lift stay, a motion for appointment of counsel, a motion for judicial notice, and a petition for writ of mandate, all of which were returned by the clerk, who noted to appellant no remand had been received from the federal court in that case. In the appealed order, the court explained the notice of removal deprived it of further jurisdiction in that case. It also explained that appellant's voluntary dismissal pursuant to rule 41 of the Federal Rules of Civil Procedure had served to dismiss the removed action. The rule 41 dismissal, which was without prejudice, might permit the filing of a second action, but it did not effect a remand of the initial action to state court. The court observed appellant may have been intending to merely seek dismissal of his federal claims and not the entire action, and then following dismissal of those claims, seek remand to the state court. However, the court noted this was not what appellant actually did, as he had dismissed the entire action.

Nonetheless, the trial court advised appellant in the appealed order that he was still free to file a new action; he merely was prevented from continuing to attempt to file documents in the removed action. The order directed the clerk of court to return certain documents to appellant and not to receive further documents for this case. The court's order specifically stated, "[t]his order does not limit Plaintiff's right to submit documents for initiation of a new action—which must not improperly include Case No. 14C0180 on the cover page—so long as those documents comply with all other filing requirements, local rules, and Rules of Court, etc."

Defendant filed a notice of appeal approximately one month after the issuance of the appealed order.

## DISCUSSION

The sole issue we reach here relates to a question of our jurisdiction to hear this appeal. This court's jurisdiction is conferred by the California Constitution, which states

5.

that "courts of appeal have appellate jurisdiction when superior courts have original jurisdiction," except in criminal cases involving the death penalty. (Cal. Const., art. VI, § 11, subd. (a).) This appellate jurisdiction encompasses both direct appeals and extraordinary writs. (*Hollywood Park Land Co., LLC v. Golden State Transportation Financing Corp.* (2009) 178 Cal.App.4th 924, 940.) The list of appealable orders is set forth in section 904.1 of the Code of Civil Procedure. The most commonly utilized of these allows an appeal from "a judgment, except an interlocutory judgment." (Code Civ. Proc., § 904.1, subd. (a)(1).) However, there are numerous other orders from which an appeal may be taken: (1) "an order made after a judgment made appealable by paragraph (1)"; (2) certain orders granted based on the ground of inconvenient forum; (3) "an order granting a new trial or denying a motion for judgment notwithstanding the verdict"; (4) certain orders related to attachments; (5) certain orders related to injunctions; (6) orders appointing a receiver; (7) certain interlocutory orders related to redeeming mortgages and liens; (8) certain interlocutory judgments related to partition; (9) "an order made appealable by the Probate Code or the Family Code"; (10) orders or judgments directing payment of sanctions in excess of $5,000; (11) orders related to anti-SLAPP motions; and, finally, (12) final orders in bifurcated proceedings "regarding child custody or visitation rights." (Code Civ. Proc., § 904.1, subd. (a)(2)–(14).) It is apparent that the appealed order falls into none of these categories, and appellant does not argue otherwise.

"The existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal." (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) A reviewing court must always raise the issue of its own jurisdiction if a doubt or concern exists as to the appealability of a matter in front of it. (*Jennings*, *supra*, 8 Cal.4th at p. 126.) Reviewing courts have the inherent power to dismiss an appeal when they

6.

determine they cannot hear that appeal due to a lack of jurisdiction. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8.) Because jurisdiction cannot be conferred on a court by the agreement of the parties, jurisdictional questions cannot be waived, contrary to appellant's arguments. (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 807; *Estate of Hanley* (1943) 23 Cal.2d 120, 123.)

In this case, the order from which appellant purports to appeal is captioned "ORDER RE: DOCUMENTS SUBMITTED BY PLAINTIFF." (Boldface omitted.) In actuality, this is not even an order directed to appellant, but rather is an order directed to the clerk of court for Kings County Superior Court, which directs the clerk not to receive and, instead, to return to appellant, any further documents he attempts to file under this case number. It is clear the trial court's purpose in issuing the appealed order was to explain to appellant, who is appearing pro se, the reason he cannot file further documents under this case number. Regardless, it is equally clear that the appealed order is not a final judgment, nor any of the orders or judgments contemplated by section 904.1 of the Code of Civil Procedure. As such, it is not an appealable order, and this court lacks jurisdiction to hear the appeal.[2]

Moreover, we note there was nothing improper about the appealed order in this case. It correctly explained to appellant that once a notice of removal is filed, the state court loses jurisdiction over the matter unless and until it is remanded by the federal court. (28 U.S.C. § 1446(d) [requiring removing party to "file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall

---

[2] We observe that, even if appellant were requesting writ review, which sometimes allows for review of orders outside of the confines of section 904.1, appellant already filed, on June 2, 2024, a petition for writ of mandate in this court relating to the trial court's refusal to file further documents in this action. (*Crane v. Superior Court* (Aug. 8, 2024, F088161).) This petition was denied by this court on August 8, 2024. We therefore see no reason to construe this improper appeal as a writ petition, as that discretionary authority should be exercised only in unusual circumstances. (See *In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1434.)

7.

proceed no further unless and until the case is remanded"]; *Ackerman v. ExxonMobil Corp.* (4th Cir. 2013) 734 F.3d 237, 249 ["the statute deprives the state court of further jurisdiction over the removed case and … any post-removal actions taken by the state court in the removed case action are void *ab initio*"]; *Resolution Trust Corp. v. Bayside Developers* (9th Cir. 1994) 43 F.3d 1230, 1238 ["the clear language of the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal"].)  As such, the court had no authority to file further documents, make further orders, or continue any proceedings in that case, until a federal court remanded the matter.  Because appellant had voluntarily dismissed the instant underlying case without prejudice, the appealed order correctly observed appellant was not prohibited from filing a wholly *new* action related to the same underlying complaints, although it noted it was making no determination of the timeliness or merit of any potential new action.[3]

---

[3]    We also grant the request for judicial notice dated April 4, 2025, and thus take notice of the fact that appellant appears to have been attempting to comply with the trial court's direction by filing documents in a new case.  The documents of which we take notice show several rounds of letters and submissions between appellant and the clerk of court for the Kings County Superior Court.  The last entry in this series of letters is from the clerk of court, requesting that appellant resubmit previously submitted documents, apparently due to clerical errors on the part of the clerk's office.  The most recent document we have related to the status of appellant's attempts to comply with the court's direction is included with a request for judicial notice filed on February 18, 2026, and includes documents dated January 29, 2026.  These documents, of which we also take judicial notice, contain a new case number, case No. 24CU0197, suggesting appellant was permitted at some point to open a new case.  However, the documents include a motion for relief from clerical error and a request that the court order the clerk's office to file appellant's new complaint, possibly suggesting the clerk's office has not yet filed all of the new case documents submitted by appellant, some of which were sent approximately 18 months prior, as far back as August 2024.

While issues related to appellant's attempt to file a new case are obviously outside the scope of this appeal, we trust the superior court takes due notice of our prior opinion in these cases, and will ensure appellant's right of access to the courts is given full and complete consideration and is not obstructed.  (*Crane I*, *supra*, 70 Cal.App.5th 772.)

Regardless, we cannot reach the merits of appellant's current arguments, because we lack jurisdiction to proceed in an appeal taken from a nonappealable order. Accordingly, this appeal must be dismissed.

## **DISPOSITION**

This appeal is dismissed due to lack of jurisdiction. Each party in this case shall bear their own costs.

DE SANTOS, J.

WE CONCUR:

DETJEN, Acting P. J.

FRANSON, J.

---

Indeed, in our prior opinion, we noted the trial court had numerous means of ensuring appellant was able to achieve meaningful access to the courthouse, including appointing counsel or using " 'other innovative, imaginative procedures' " to ensure appellant could move his case forward without unnecessary obstacles to achieving such basic procedural formalities as the filing and service of a complaint and summons. (*Id.* at pp. 793–794.) While we declined at that point to direct the court to implement any particular measure to achieve these ends, our opinion clearly called for the court to take a more active role, if necessary, to ensure substantial justice would be achieved in allowing appellant the basic right to have his case heard in court. (*Id*. at p. 794.) The courts of this state have frequently noted their preference for having matters be resolved on the merits. (See, e.g., *Wilcox v. Birtwhistle* (1999) 21 Cal.4th 973, 983 [interpreting discovery statutes to avoid "subversion of the policy favoring the resolution of lawsuits on the merits"]; *Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1208–1209 [noting "we carefully examine a trial court order finally resolving a lawsuit without permitting the case to proceed to a trial on the merits"].) We are sure the trial court understands the import of our prior opinion, regardless of the case number under which appellant is ultimately proceeding.

9.